

07-CV-00962-CMP

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KEVIN BONNER,<br><br>                Plaintiff,<br><br>v.<br><br>NORMANDY PARK, a municipal corporation; and DETECTIVE JOHN LIEVERO, in his individual capacity,<br><br>                Defendants. | No. C07-0962 RSM<br><br>NOTICE OF REMOVAL<br><br>(From King County Superior Court, Cause No. 07-2-18793-6 KNT) |

COMES NOW Defendants City of Normandy Park and Detective Lievero, by and through their attorney of record, and pursuant to 28 U.S.C. §1441 and §1446, hereby request that this matter be removed to Federal Court.

This matter is subject to removal because Plaintiff has alleged, inter alia, that Defendants have violated Plaintiff's rights secured by the Constitution and the laws of the United States in this civil action. To wit, the Plaintiff is attempting to allege a cause of action pursuant to Title 42 U.S.C. §1983 and §1985, and requests compensatory damages and an award of reasonable attorney fees. *See*, Plaintiff's Complaint for damages at ¶¶3.2, 3.3, and Prayer for Relief at §V, 6 (Attached as Exhibit A).

NOTICE OF REMOVAL- 1
Cause No.
K:\BLB\wcia07018\p-061907-NOR usdc.doc

ORIGINAL

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

Thus, Plaintiff's Complaint alleges claims based on the Constitution and/or laws of the United States and this Court has original jurisdiction in light of said claims pursuant to 28 U.S.C. §1331.

Plaintiff's subject lawsuit was filed in King County Superior Court on or about June 6, 2007. Defendants City of Normandy Park and Detective Lievero were served and thereby received notice of this suit on June 8, 2007 (as indicated on the copy received stamp on Plaintiff's Complaint).

Therefore, this matter is subject to removal to this District Court as the Plaintiff herein has filed the suit in a County Superior Court embraced by this District Court and the Plaintiff therein has alleged claims arising under the Constitution and/or laws of the United States in this civil action.

RESPECTFULLY submitted this 20th day of June, 2007.

KEATING, BUCKLIN & McCORMACK, INC., P.S.

_____
Brenda L. Bannon, WSBA #17962
Attorney for Defendants

NOTICE OF REMOVAL- 2
Cause No. _____
K:\BLB\wcia07018\p-061907-NOR usdc.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

RECEIVED
NORMANDY PARK
JUN -8 2007
BY

DEBORAH D. FLECK

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

KEVIN BONNER,

    Plaintiff,

v.

NORMANDY PARK, A Municipal Corporation; and DETECTIVE JOHN LIEVERO, in his individual capacity,

    Defendants

No: 07-2-18793-6 KNT

COMPLAINT

RECEIVED
In King County Superior Court Clerk's Office
JUN 0 6 2007
Cashier Section
Superior Court Clerk

COMES NOW the plaintiff and for a cause of action alleges as follows:

## I. PARTIES AND VENUE

1.1 Plaintiff, Kevin Bonner, resides at 612 SW 175th Place, Normandy Park, Washington 98166.

1.2 Normandy Park is a municipal corporation under the laws of the State of Washington.

1.3 Detective John Lievero is a police office with the City of Normandy Park. At all relevant times he was acting under color of law of the State of Washington. At all relevant times, Detective Lievero was acting within the scope of his employment.

1.4 Venue is proper in King County.




JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104

## II. STATEMENT OF FACTS

2.1 Plaintiff re-alleges the contents of paragraph I, and by this reference incorporates them herein.

2.2 On or about April 25, 2005, Kevin Bonner, his wife, Nancy Bonner, his daughter, Karis Miles, and his granddaughter, Reagan Miles-Bjurback went to the Normandy Park police station to keep an appointment with Detective John Lievero.

2.3 The purpose of Mr. Bonner's appointment with Detective Lievero was to give him additional information concerning an ongoing criminal investigation concerning his wife, Nancy.

2.4 Upon arriving at the police station, Mr. Bonner, his wife, daughter, and granddaughter were met by Detective Lievero, and escorted into a detective office.

2.5 After several minutes in the detective office, Detective Lievero stated that the meeting was over and instructed all present to leave the office.

2.6 Upon exiting the detective office, Mr. Bonner noticed that the Chief of Police, Rick Kieffer, was in his office. Mr. Bonner then turned right and walked towards the Chief of Police's office in an effort to provide additional information about the ongoing criminal investigation.

2.7 Detective Lievero yelled at Mr. Bonner that he could not leave that way. Mr. Bonner responded that he wanted to talk to the Chief of Police. Detective Lievero yelled that the Chief was unavailable and that Mr. Bonner must leave or be arrested. Mr. Bonner immediately stopped.

2.8 Without further warning Detective Lievero pulled Mr. Bonner's arm behind his back.

2.9 A second officer then appeared, Officer Melewski. Officer Melewski also grabbed Mr. Bonner, and forced both arms behind his back. Mr. Bonner was not resisting.

2.10 After arriving at the reception area under the control of Officer Melewski and Detective Lievero, Detective Lievero shocked Mr. Bonner twice on his neck with a taser gun. Mr. Bonner then fell to his knees. Thereafter, Detective Lievero shocked Mr. Bonner numerous times on his stomach and back.

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104

Thereafter, Detective Lievero placed a knee on the side of Mr. Bonner's face and placed him in handcuffs.

2.11 After being placed in handcuffs, Mr. Bonner was removed to a booking area where he was searched, examined by para medics, and placed in a holding cell. He was released that same day without being booked.

2.12 Mr. Bonner was thereafter charged with Obstructing an Officer. Mr. Bonner agreed to a stipulated order of continuance. All charges were thereafter dismissed with prejudice.

2.13 Plaintiff's arrest and imprisonment as described above was without probable cause to believe that a crime had been committed by Plaintiff in violation of the Fourth and Fourteenth Amendments to the United States Constitution and in violation of state common law.

2.14 At no time during the encounter with Normandy Park police officers as described above did Plaintiff resist leaving the premises of the Normandy Park police department.

2.15 At no time during the encounter with Normandy Park police officers as described above did Plaintiff resist arrest.

2.16 At no time during the encounter with Normandy Park police officers as described above did Plaintiff pose a threat to the safety of police officers or others.

2.17 At no time during the encounter with Normandy Park police officers as described above was Plaintiff armed with a weapon.

2.18 The force used by Normandy Park police officers as described above was excessive in violation of the Fourth and Fourteenth Amendment to the United States Constitution.

2.19 Detective John Lievero maintained a reckless disregard and/or callous indifference to Plaintiff's federally protected rights.

2.20 On or about January 17, 2007, plaintiff filed a Notice of Claim for Damages with the City of

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104

Normandy Park. More than 60 days have expired since the Notice of Claim for Damages was filed.

### III. CLAIMS

3.1 Plaintiff re-alleges the contents of paragraph I-III, and by this reference incorporates them herein.

3.2 The above stated facts give rise to a claim of a false arrest and imprisonment without probable cause by Detective Lievero in violation of the Fourth and Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. Section 1983.

3.3 The above stated facts give rise to a claim of excessive force by Detective Lievero in violation of the Fourth and Fourteenth Amendment of the United States Constitution and 42 U.S.C. Section 1983.

3.4 The above stated facts give rise to a claim of false arrest and false imprisonment without probable cause in violation of Washington State common law against all named defendants.

3.5 The above stated facts give rise to an assault and battery in violation of Washington State common law against all named defendants.

3.6 The City of Normandy Park is vicariously liable for the acts of it agents in violation of Washington law pursuant to a theory of respondent superior.

### IV. DAMAGES

4.1 Plaintiff re-alleges the contents of paragraph I-IV, and by this reference incorporates them herein.

4.2 As a proximate cause of the violations of law described above, Plaintiff has suffered pain, humiliation, embarrassment, and emotional distress.

4.3 As a proximate cause of the violations of law described above, Plaintiff has incurred psychological counseling and medical expenses.

4.4 As a proximate cause of the violations of law described above, Plaintiff has incurred reasonable attorney fees for the purpose of defending criminal charges filed by the City of Normandy Park.

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104

## V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for damages as follows:

1. Damages for pain and suffering in an amount to be proven at time of trial;

2. Damages for emotional distress in an amount to be proven at time of trial;

3. Medical and psychological counseling costs in amount to be proven at time of trial;

4. Attorney fees incurred in defending criminal charges filed in state court;

5. Punitive damages in amount to be proven at time of trial;

6. Reasonable attorney fees pursuant to 42 U.S.C. Section 1988.

7. Whatever further and additional relief the court shall deem to be just and equitable.

Dated this ____ day of June, 2007.

_____
Jeffrey L. Needle, WSBA #6346
Attorney for Plaintiff

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104