HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

KEVIN BONNER,

    Plaintiff,

v.

NORMANDY PARK, a municipal corporation; and DETECTIVE JOHN LIEVERO, in his individual capacity,

    Defendants.

No. C07-0962 RSM

DEFENDANTS' RULE 26 AND 37 MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

**NOTED FOR: FRIDAY, JANUARY 11, 2008**

### I.   RELIEF REQUESTED.

Pursuant to Fed.R.Civ.P. 37, Fed.R.Civ.P. 26, Fed.R.Civ.P. 33, Fed.R.Civ.P. 34, Fed.R.Civ.P. 30(d)(3), and Fed.R.Civ.P. 36, Defendants City of Normandy Park and Officer John Lievero move the Court for an Order compelling Plaintiff to answer two Requests for Production regarding Plaintiff's notes prepared by him and reviewed by him to prepare for his November 29, 2007 deposition, Interrogatory No. 3 regarding financial stressors, two Requests for Production regarding checking account and tax records, two Requests for Production regarding production of criminal defense attorney billing invoices as a part of special damages, two Requests for Production regarding attorney billings and payments for legal proceedings pending during the timeframe in question, and to compel admissions as to the truth of a document previously entered in Court.

Defendants also seek a Rule 37 and 30(d)(2) order compelling Plaintiff to appear to

DEFS' RULE 26 AND 37 MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS - 1
Cause No. C07-0962 RSM
K:\BLB\wcia07018\p-122007-mottocompel.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1  resume the deposition, and to provide an additional hour of deposition time beyond the
2  seven (7) hours provided in the Rules.
3       Defendants also seek an Order granting attorney fees and sanctions.

## II. STATEMENT OF ISSUES.

1. Where Plaintiff relied on his own notes documenting the incident in question to prepare for his November 29, 2007 deposition, should he be compelled to produce those notes to Defense counsel?

2. Where Plaintiff is making a claim for emotional distress damages, his medical records reflect a pre-existing anxiety disorder, his medical records reflect a diagnosis of Post Traumatic Stress Disorder, and his medical records document substantial financial stress in Plaintiff's family due to numerous civil and criminal legal proceedings pending during the relevant timeframe, should Plaintiff be compelled to answer interrogatories and requests for production that are targeted to determine the scope of the financial stress on Plaintiff and related causation of alleged emotional damages?

3. Where Plaintiff is making a claim for recoupment of his criminal defense attorney fees in the underlying municipal criminal prosecution, should Plaintiff be compelled to produce those same attorney fee billings in response to a specific discovery request?

4. Where Plaintiff entered into a Stipulated Order of Continuance in municipal court and stipulated to particular facts sufficient to be found guilty of a crime, should the Court compel Plaintiff to admit those same facts where Plaintiff has been served with appropriate requests for admissions?

## III. EVIDENCE RELIED UPON.

Declaration of Brenda Bannon, with attached copies of Second Request for Production No. 2 (seeking Plaintiff's notes prepared by Plaintiff); Request for Production No. 11 (seeking notes written by Plaintiff); Interrogatory No. 3 (seeking the amount of money Plaintiff has provided to his daughter to assist with divorce/custody issues and day-

DEFS' RULE 26 AND 37 MOTION TO COMPEL
DISCOVERY AND FOR SANCTIONS - 2
Cause No. C07-0962 RSM
K:\BLB\wcia07018\p-122007-mottocompel.doc

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

to-day living expenses); Second Request for Production No. 9 (seeking checking account records); Second Request for Production No. 4 (seeking a copy of receipts for out-of-pocket expenses); Second Request for Production No. 12 (seeking a copy of documents supporting any other special damages); Second Request for Production No. 5 (seeking a copy of Plaintiff's tax records); Second Request for Production Nos. 6 and 7 (seeking a copy of attorney billings received and made payments on for daughter's two 2005 custody matters); and Request for Admissions related to Stipulated Order of Continuance in municipal court. (Exhibits G, H, I, and J. *Dec. Bannon* at 42-69.)  Also, relevant correspondence and excerpts from Plaintiff's November 29, 2007 deposition are attached. (Exhibits B, C, D, E, F, K, L, M, N, and O. *Dec. Bannon* at 18-41, 70-125.)[1]

### IV.   FACTS.

In early October 2007 Plaintiff served Defendants with answers and objections to Defendants' First Requests for Production and Interrogatories. *Dec. Bannon* at 42-46 (Ex. G). In mid-November, 2007, Plaintiff served Defendants with responses and objections to Defendants' Second Requests for Production and Second Interrogatories to Plaintiff. *Id.* at 47-58 (Exs. H and I). Plaintiff refused to provide his own notes of the incident in question, financial, checking, or tax records, or attorney billing records. In early November 2007, Plaintiff served Defendants with one admission and eight denials to Defendants' Requests for Admissions. *Id.* at 59-69 (Ex. J). On November 29, 2007, Plaintiff was deposed. *Id.* at 78-125 (Ex. O (deposition transcript excerpts)). The deposition was videotaped and lasted for approximately five (5) hours. Pursuant to Fed.R.Civ.P. 37(a)(2)(B), after exhausting all questions and facing Plaintiff's continued objections, the deposition was adjourned pending the Court's resolution of outstanding discovery issues. *Dec. Bannon* at 4, ¶ 14, 115a (Ex. O, 240:19-241:11).  Prior to the deposition, the parties had exchanged written correspondence regarding their positions on the legal issues that currently remain in dispute. *Id.* at 18-41 (Exs. B, C, D, E, and F). On December 7, 2007, prior to filing the

---

[1] Defendants submitted the same declaration in support of the instant motion and the parallel Motion to Compel a Rule 35 IME; all arguments and factual matters are incorporated herein by reference.

DEFS' RULE 26 AND 37 MOTION TO COMPEL
DISCOVERY AND FOR SANCTIONS - 3
Cause No. C07-0962 RSM
K:\BLB\wcia07018\p-122007-mottocompel.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

instant motion, the defense conferred with Plaintiff's counsel to try to reach agreement. *Id*. at 1, 156-162.. This motion to compel followed.

During the course of Plaintiff's deposition, the Defense specifically asked Plaintiff if he possessed any of the documents responsive to the outstanding Requests for Production. Plaintiff indicated affirmatively that he possessed the documents either in his home or his business, Bonner Financial. *Dec. Bannon* at 90, 92-93 (Ex. O at 148:18-19; 149:16-17; 226:2-24; 228:20; 229:3; 232:4-233:4). With respect to Interrogatory No. 3, Plaintiff affirmatively stated that he had not researched any response to that question. *Id*. at 87 (Ex. O at 226:25-227:2). Plaintiff's counsel asserted that Plaintiff maintained a privacy objection. *Id*. at 86 (Ex. O at 224:17-225:7). Privacy and relevance was asserted as the basis for not providing the outstanding documents or not answering related questions. *Id*. Counsels' correspondence on these issues is attached to the Declaration of Brenda Bannon in support of the instant motion. *Id*. at 18-41 (Exs. B – F).

By way of background, this lawsuit stems from Plaintiff being arrested in the Normandy Park Police Department on April 25, 2005. *Id*. at 7-12 (Ex. A (Complaint)). During the course of affecting the arrest, a Taser weapon was discharged. Plaintiff claims his civil rights were violated. Plaintiff was ostensibly at the police station to provide information to Officer Lievero regarding an open domestic violence child abuse investigation; Plaintiff's wife, Nancy Bonner, was the suspect. Plaintiff arrived at the police station on April 25, 2005 with his wife, Nancy Bonner, their adult daughter, Karis Miles, and the victim of the assault allegation, 3 year old RM. *Id*. at 9.

Plaintiff claims emotional distress damages in this case (see parallel Motion to Compel Rule 35 IME). *Id*. at 11 (Ex. A at ¶ 4.2). To a large extent, in an effort to discover and evaluate additional life stressors that may be a proximate cause of Plaintiff's emotional distress in the pertinent timeframe, Defendants have propounded the discovery at issue. *Id*. at 42-58 (Exs. G, H, and I).

By way of further background, at the time the April 25, 2005 incident occurred,

DEFS' RULE 26 AND 37 MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS - 4
Cause No. C07-0962 RSM
K:\BLB\wcia07018\p-122007-mottocompel.doc

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

Karis Miles and her three children were residing with Plaintiff. Miles was the subject of an ongoing felony prosecution in Pierce County for domestic violence malicious mischief. She also had two pending Pierce County custody proceedings regarding her three children, one brought by her ex-husband, Brent Miles, and one brought by her ex-boyfriend, Matthew Bjurback. By Plaintiff's own testimony at his deposition, he was financially supporting his own family, and Karis Miles' family. He was additionally supporting Karis Miles' legal matters, and making payments on the legal bills in all of these matters. During the relevant time frame, there was a jury trial in Pierce County in the criminal matter, and there was a custody trial in Pierce County in the Brent Miles custody dispute. Plaintiff has described his on-going financial distress with his treating physicians both before and after the April 25, 2005 event. *Dec. Bannon* at 35-39, 121, 90-91, 124, 131-147 (Ex F at pp. 3-7; Ex. O at 173:16-25; 146-152; 185; Ex. R (medical records)).

## V.   LEGAL AUTHORITY.

The burden of proof of establishing proper grounds is on the party seeking to limit discovery. *E.g., Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

**1.   Plaintiff's Notes (Request For Production No. 11 And Second Request For Production No. 2).**

Plaintiff testified at his deposition that close in time to his April 25, 2005 arrest that he prepared notes to contemporaneously document the events surrounding his arrest. *Dec. Bannon* at 80 (Ex. O at 14:6; 17:2). Plaintiff reviewed those same notes to refresh his recollection while preparing for his November 29, 2007 deposition. *Id.; see, also* 12:12-14; 13:1-16; 14:1-13. Plaintiff initially testified that neither attorney Hardy nor attorney Needle represented him at the time he drafted his notes. *Id.* at 79-80 (13:1-14:25). Plaintiff is currently asserting the attorney/client privilege. *Id.* at 161. Where a party relies on *arguable* work product documentation to prepare to be deposed, opposing counsel is entitled to production of the documents. *Wheeling-Pittsburgh Steel Corp. v. Underwriter's Laboratories, Inc.*, 81 F.R.D 8, 10 (ND Il. 1978); *U.S. ex rel Bagley v. TRW, Inc*, 212

DEFS' RULE 26 AND 37 MOTION TO COMPEL
DISCOVERY AND FOR SANCTIONS - 5
Cause No. C07-0962 RSM
K:\BLB\wcia07018\p-122007-mottocompel.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

F.R.D. 554, 565 (C.D. Cal. 2003).

Following his deposition, Defense counsel sent Plaintiff a letter and another discovery request again seeking production of these notes. *Dec. Bannon* at 151-155. 158 (Ex. T). Plaintiff has refused. *Id*. at 161. This Court should compel production.

2. **Financial Stress**.

   a) **Plaintiff's financial hardship regarding daughter Karis Miles (Interrogatory No. 3)**.

Because financial stress is a potential alternative cause of Plaintiff's alleged emotional distress, Defendants are entitled to discover sources of such financial stress. The Defense is on no fishing expedition. Plaintiff has candidly discussed financial stress with his treating physicians. *Dec. Bannon* at 35-36, 121, 131-147 (Ex. F at pp. 3–4; Ex. O, 173:16-25; Ex. R). At his deposition, Plaintiff acknowledged that he never researched the answer to Interrogatory No. 3. *Id*. at 87 (Ex. O at 226:25–227:2). A recent decision from the Eastern District of California makes the discoverability of this evidence clear. *Tatum v. Schwartz*, 2007 U.S. Dist. LEXIS 45797 (E.D. Cal. 2007) (because relevancy is the test in discovery, defendants were allowed to discover evidence regarding other stressors in plaintiff's life that may have contributed to her alleged emotional distress to include arrest of plaintiff and spouse, financial stresses in the marriage, child care issues, and former spouses). Fed.R.Civ.P. 26(B)(1) permits discovery regarding any matter not privileged that is relevant to the claim or defense of any party. Fed.R.Civ.P. 26(B)(1).

Defendants are allowed to discover evidence that may bear on issues of causation related to Plaintiff's claim of severe emotional distress as a result of being arrested by the Normandy Park Police Department on April 25, 2005. *Id*. Defendants are entitled to test Plaintiff's assertion that his mental distress was solely a result of Defendants' conduct. *Id*. At his deposition, Plaintiff acknowledged that in the April 2005 time frame, Plaintiff financially supported his daughter and three children, to include providing for her housing, living expenses, spending money, activities, food, clothing, and legal expenses for custody

DEFS' RULE 26 AND 37 MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS - 6
Cause No. C07-0962 RSM
K:\BLB\wcia07018\p-122007-mottocompel.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

and criminal proceedings. *Dec. Bannon* at 86-88a (Ex. O at 224:17–226: 24; 185:9–186:4).

In early 2005, Plaintiff's former son-in-law threatened to inundate him with attorney-fees in the child custody proceeding. *Id*. at 119 (Ex. O at 154:2-6). In the prior divorce, the son-in-law had threatened to bankrupt Plaintiff. *Id*. at 119 (Ex. O at 157:24-158:2. Plaintiff told his psychiatrist he felt "trapped," and each new legal process cost him "thousands of dollars." *Id*. at 91 (Ex. O at 151:21-24). Bonner also discussed with his doctors his belief that because of his financial stress, he thought he would never be able to retire. *Id*. (Ex. O at 151:17-20).

The Court should compel this discovery.

**b)** **Financial hardship evidence through production of Plaintiff's checking account records, attorney billing records, and tax return records (Second Requests For Production Nos. 9 and 5, and 6 and 8).**

Mere relevancy is a touchstone for disclosure at the discovery stage. *Id*. Six weeks after Plaintiff's April 25, 2005 arrest, he saw a psychologist, Dr. Slightam, who provided the following chart note:

> <u>The patient continues to be extremely angry, embittered about the entire incident, even before the tazer episode. Issues have been brewing with his daughter's ex-husband, a nasty divorce which lasted three years. Things then were repeated with the daughter's ex-boyfriend and his mother.</u> Wife was supposed to attend today's session but accompanied their daughter to court, dealing with a ticket that was issued about 10 days ago for an alleged violation of a no contact order between the daughter and her ex-boyfriend which supposedly occurred December 15. However, motion for no contact was not filed until December 16 and not actually granted until sometime after that. He continues to feel that he is being harassed. <u>In addition, every legal harassment and roadblock costs more thousands of dollars. He feels very trapped.</u> On top of all this, in his efforts to help the Normandy Park Police Department in their investigation, he was assaulted, tazered, confined and arrested. Pretrial motions are set for July 5.

*Dec. Bannon* at 35-36, 144-145 (Ex. F at pp. 3–4; Ex. R (Slightam chart no. 4 and 5).

Another District Court has made clear that discovery is broad regarding causation and emotional distress damages: "The court concludes that a plaintiff who seeks to recover for emotional distress damages is relying on her emotional condition as an element of the

DEFS' RULE 26 AND 37 MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS - 7
Cause No. C07-0962 RSM
K:\BLB\wcia07018\p-122007-mottocompel.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

claim." *Fritsch v. City of Chula Vista*, 196 F.R.D. 562 (S.D. Calif. 1999). "To ensure a fair trial, particularly on the element of causation, the court concludes the defendants should have access to evidence that Fritsch's emotional state was caused by something else. Defendants must be free to test the truth of Fritsch's contention that she is emotional upset because of defendants' conduct." *Id*. at 569 (medical privilege waived when plaintiff seeks to recover for emotional distress damages).

Certainly for non-privileged matters such as financial records, tax records, and billing invoices, where financial stress is an acknowledged substantial contributing factor to emotional distress during the pertinent timeframe, Defendants should be granted broad latitude to test Plaintiff's assertion that his emotional distress was caused by the Normandy Park Police Department. *Tatum v. Schwartz.* Plaintiff testified during his deposition that he has paid at least $10,000 in attorney fees regarding some of the ancillary matters. *Dec. Bannon* at 90 (Ex. O at 149:18-19). This figure should be tested by the record of the documentation. The Court records reflect that $15,000 was owing at the end of Karis Miles' custody battle in early 2006; there was another full jury trial in Pierce County in January 2006 regarding Karis Miles' criminal matter. *Dec. Bannon* at 126-128 (Ex. P). This is on top of Nancy Bonner's criminal prosecution in 2005, Plaintiff's criminal prosecution in 2005, the Matthew Bjurback custody proceeding in 2005 and 2006, and various civil harassment and protection order proceedings that were pending against Plaintiff and his family during this same timeframe with miscellaneous parties and the Bonner family. *Id*. at 90-91 (Ex. O at 146:24–152:5). Plaintiff still owed these attorney fees at the time of his deposition. *Id*. at 91 (Ex. O at 151:15-16). The Court should compel production of this discovery.

**3.      Plaintiff's Criminal Defense Attorney Bills (Second Request For Production No. 4 and 12).**

Plaintiff claims his damages include recoupment for his criminal defense attorney bills. *Dec. Bannon* at 11-12 (Ex. A at ¶ 4.4; Prayer for Relief 4). Some of these bills were

DEFS' RULE 26 AND 37 MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS - 8
Cause No. C07-0962 RSM
K:\BLB\wcia07018\p-122007-mottocompel.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

produced with the Initial Disclosures. Though the damages claim has not been withdrawn Plaintiff now asserts the attorney/client privilege in response to the discovery requests. *Id*. at 20-21 (Ex. B, ¶¶ 2–3), *Id*. at 161-162. The Defense also seeks a ruling on Plaintiff's assertion of attorney/client privilege as to these bills. At his deposition, Plaintiff said he did not know if he was in fact seeking these damages, despite his attorney's representations. *Id*. at 95-96 (Ex. O, 229:8–230:16). The Court should order production to allow the Defense to evaluate Plaintiff's assertion that $5,237.50 attorney fees plus costs are proper and reasonable damages.

### 4. **Request for Admissions**.

Pursuant to Fed.R.Civ.P. 37(c), a party may seek the Court's intervention when it appears that a party refused to admit. Defendants provided Plaintiff with a Request for Admission regarding a previous stipulation entered in municipal court. *Dec. Bannon* at 59-69 (Ex. J). Although Plaintiff admitted that he signed the document entitled "Stipulated Order of Continuance" in open court on December 6, 2005, he specifically denied the factual statements he had previously stipulated to in court. *Id*.; *Dec. Bannon* at 162. At his deposition, he testified he recognized the document (Requests for Admissions) but did not sign it. *Dec. Bannon* at 98 (Ex. O, 39:20-41:24). Under Rule 36, "the party who has requested the admissions may move to determine the sufficiency of the answers or objections." Fed.R.Civ.P. 37(a). The Court may enter an order that the matter is admitted if appropriate, and may order expenses necessary to bring a motion. Fed.R.Civ.P. 36(a); 37(a)(4). Under these circumstances, Defendants urge the Court to enter both remedies.

## VI.   SANCTIONS.

Defendants, pursuant to Rule 37(a)(4)(A), seek sanctions and appropriate attorney fees. Plaintiff has refused to provide non-privileged discovery without seeking a Protection Order. Ordinarily a party must seek a protective order before the date set for the discovery response or deposition. *E.g., Pioche Mines Cons., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964); *F.A.A. v. Landy*, 705 F.2d 624, 634 (2nd Cir. 1983). Plaintiff never sought a

DEFS' RULE 26 AND 37 MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS - 9
Cause No. C07-0962 RSM
K:\BLB\wcia07018\p-122007-mottocompel.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

ruling from the Court on his "privacy" objections. Plaintiff refused to even research Interrogatory No. 3, targeting other financial stressors. *Dec. Bannon* at 87 (Ex. O, 227:2).

Additionally, Plaintiff was improperly directed many times during his deposition <u>not</u> to answer questions. *Dec. Bannon* at 101-102, 104-108 (Ex. O, 35:7-19; 40:7-25; 76:25; 128-3; 138:18, 139:3-4; 231:16, 233:8). "Except where a question calls for privileged information, it is considered improper for counsel at a deposition to instruct a deponent not to answer." *E.g., Smith, et al. v. Logansport Community Schl. Corp.*, 139 F.R.D. 637 (N.D. Ind. 1991), *et al*. Plaintiff was repeatedly improperly prompted during his deposition (*e.g.,* "if you know," "the answer's yes or no") while a question was pending. *Id*. at 110-115 (Ex. O, 14:12; 15:1, 32:12; 43:18; 139:21, 140:13; 222:23, 225:6). Counsel are forbidden from "speaking objections" to "coach" a deponent. *E.g., Hall v. Clifton Precision*, 150 F.R.D. 525, 530 (E.D. PA 1993). Plaintiff provided evasive answers to direct questions during his deposition. *Id*., *et al*. Under Rule 36, Plaintiff refused to admit to factual matters that he had previously stipulated to in open court. *Id*. at 59-69.

Fed.R.Civ.P. 37(a)(4) provides for an award of expenses or sanctions for a party's refusal to provide proper discovery, where such necessitated the opponent to bring a motion to compel. Fed.R.Civ.P. 37(a)(4). For purposes of Rule 37, "an evasive or incomplete disclosure, answer, or response, is to be treated as a failure to disclose, answer, or respond." Fed.R.Civ.P. 37(a)(3). Additionally, under Fed.R.Civ.P. 30(d)(3), the Court may award appropriate sanctions for counsel's objections where they have frustrated "a fair examination," or unreasonably prolonged an examination. *E.g., Van Pilsum v. Iowa State Univ.*, 152 F.R.D. 179, 180 (S.D. IA 1993). Plaintiff's counsel's conduct in overall aggressively stonewalling in the discovery process requires sanctions.

## VII.   CONCLUSION

The defense seeks a Court order to compel Plaintiff's answers to properly served interrogatories, a series of requests for production pertaining to financial stress, and Plaintiff's admissions to Defendants' Requests for Admissions. The defense also seeks

DEFS' RULE 26 AND 37 MOTION TO COMPEL
DISCOVERY AND FOR SANCTIONS - 10
Cause No. C07-0962 RSM
K:\BLB\wcia07018\p-122007-mottocompel.doc

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1  sanctions and attorney fees for having to bring this motion in the first place. Pursuant to
2  Fed.R.Civ.P. 37 and 30(d)(2), Defendants seek an Order to resume Plaintiff's deposition
3  and to allow an additional hour of deposition time (8 hours total). Please see attached
4  Proposed Order.

5      DATED this 21st day of December, 2005.

                                KEATING, BUCKLIN & MCCORMACK, INC., P.S.

                                s/Brenda L. Bannon
                                Brenda L. Bannon, WSBA 17962
                                Attorney for Defendants
                                Keating, Bucklin & McCormack, Inc., P.S.
                                800 Fifth Avenue, Ste. 4141
                                Seattle, WA 98104
                                206-623-8861
                                206-223-9423 Fax
                                bbannon@kbmlawyers.com

DEFS' RULE 26 AND 37 MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS - 11
Cause No. C07-0962 RSM
K:\BLB\wcia07018\p-122007-mottocompel.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

## DECLARATION OF SERVICE

I hereby certify that on December 21, 2007, I electronically filed DEFENDANTS' RULE 26 AND MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Jeffery Needle
>Attorney at Law
>119 First Ave. S., #200
>Seattle, WA 98104

s/Christine Jensen Linder
Keating, Bucklin & McCormack, Inc., P.S.
800 Fifth Avenue, Ste. 4141
Seattle, WA 98104
206-623-8861
206-223-9423 Fax

DEFS' RULE 26 AND 37 MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS - 12
Cause No. C07-0962 RSM
K:\BLB\wcia07018\p-122007-mottocompel.doc

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423