UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN BONNER,

Plaintiff,

v.

NORMANDY PARK, and DETECTIVE JOHN LIEVERO,

Defendants.

CASE NO. C07-962RSM

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL TESTIMONY AND REQUEST FOR SANCTIONS

This matter comes before the Court on plaintiff's Motion to Compel Testimony and Request for Sanctions. (Dkt. #13). Plaintiff filed the instant lawsuit alleging that he was falsely arrested and imprisoned and subject to excessive force in violation of 42 U.S.C. § 1983 and Washington State common law. On December 6, 2007, plaintiff's counsel conducted the deposition of defendant John Lievero ("Officer Lievero") of the Normandy Park Police Department. Due to the alleged non-cooperation of Officer Lievero, plaintiff's counsel terminated the deposition after approximately 45 minutes. Plaintiff now moves the Court to: (1) compel Officer Lievero to appear for a deposition and answer all questions unless instructed not to do so; (2) compel Officer Lievero to make certain marks on an exhibit; (3) compel Officer Lievero to appear at such deposition without any weapons; and (4) award sanctions in the form of attorney's fees. Defendants refute all of plaintiff's arguments, and also seek an award of attorney's fees pursuant to Federal Rule of Civil Procedure ("Fed. R.

Civ. P.") 37(a)(4)(B).

Having reviewed plaintiff's motion, defendants' response, plaintiff's reply, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and orders:

(1) Plaintiff's Motion to Compel Testimony and Request for Sanctions (Dkt. #13) is DENIED. Fed. R. Civ. P. 37(a)(2)(B) provides in pertinent part:

> If a deponent fails to answer a question propounded or submitted under Rules 30 or 31 . . . the discovering party may move for an order compelling an answer[.] . . . The motion *must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.*

*Id.* (emphasis added).

The companion local rule to Fed. R. Civ. P. 37(a)(2)(B) requires that such good faith conference either be face-to-face or by telephone. *See* Local Rule CR 37(a)(2)(A). Moreover, a party bringing a motion to compel must include an actual certification document which certifies that he or she has in good faith conferred or attempted to confer. *See Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170 (D. Nev. 1996). A moving party "must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *Id.* at 171. Indeed, this district court has consistently required a party moving to compel to submit this good faith certification. *See Abels v. Clarke,* 2008 WL 238584 at *2 (W.D. Wash. Jan. 28, 2008); *Garrison v. Washington State Dept. Corrections*, 2007 WL 4420933 at *1 (W.D. Wash. Dec. 14, 2007); *Carmichael v. Riley*, 2007 WL 3374942 at *1 (W.D. Wash. Nov. 6, 2007); *Varsity Gold, Inc. v. Bigham*, 2007 WL 185089 at *2 (W.D. Wash. Jan. 19, 2007).

In the instant case, plaintiff's counsel has failed to submit a certification that he attempted to resolve this discovery dispute in good faith with opposing counsel before bringing the instant motion. The closest plaintiff's counsel comes to making such a certification is contained in his declaration wherein plaintiff's counsel provides:

On Friday, December 7, 2007, I had a telephone call conference with defense counsel.

> During that conference, a proposed stipulation concerning emotional distress damages was discussed. Defense counsel also stated that [Officer] Lievero refused to answer questions because he was uncertain about the exhibit. I stated to defense counsel that the record would reflect to the contrary. Defense counsel stated that she had never before attended a deposition which was stopped because a witness refused to answer.

(Dkt. #13, Declaration of Needle, ¶ 5).

This conversation merely shows that respective counsel *spoke* about this issue. In no way does it reflect an effort to *resolve* the discovery dispute in good faith. Therefore without this threshold certification, the Court will not make the substantive determination of whether Officer Lievero was recalcitrant and uncooperative as plaintiff's counsel alleges he was. The importance of this certification required by Fed. R. Civ. P. 37(a)(2)(B) is clear: counsel should take all reasonable steps necessary to resolve their discovery disputes before bringing their claims to court. Accordingly, the Court finds no justification in ordering Officer Lievero to appear for a future deposition, or to order Officer Lievero to make certain marks on an exhibit. Nothing in the language of this Order prevents plaintiff from conducting a future deposition of Officer Lievero.

With regard to plaintiff's request that the Court order Officer Lievero to appear at a future deposition unarmed, the Court finds that plaintiff has offered no authority to support such a position. Furthermore, the Court will not grant this request based solely on the subjective belief that plaintiff was intimidated by Officer Lievero at the previous deposition. And as defendants point out, the deposition of Chief Rick Keiffer ("Officer Keiffer") of the Normandy Park Police Department occurred one day prior to the deposition of Officer Lievero, but no issue was made of the presence of Officer Keiffer's firearm throughout his deposition. (Dkt. #29, Declaration of Keiffer, ¶ 10).

Lastly, plaintiff's request for attorney's fees shall be denied. Because the Court did not reach the merits of this motion, the Court finds it premature to determine whether plaintiff is substantially justified in making such a request. Likewise, defendants' request for attorney's fees pursuant to Fed. R. Civ. P. 37(a)(4)(B) shall also be denied for this very same reason. Again, nothing in the language of this Order prevents the parties from making a good faith effort to resolve their discovery dispute.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this 7th day of February, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE