UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN BONNER,<br><br>          Plaintiff,<br><br>     v.<br><br>NORMANDY PARK, and DETECTIVE JOHN LIEVERO,<br><br>          Defendants. | CASE NO. C07-962RSM<br><br>ORDER GRANTING DEFENDANTS' CR 37 MOTION TO COMPEL A RULE 35 EXAMINATION |

This matter comes before the Court on defendants' CR 37 Motion to Compel a Rule 35 Examination. (Dkt. #16). Plaintiff filed the instant lawsuit alleging that he was falsely arrested and imprisoned and subject to excessive force in violation of 42 U.S.C. § 1983 and Washington State common law. Defendants now seek an order from the Court compelling plaintiff to submit to a Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 35(a) independent mental examination ("IME") by John E. Hamm, M.D. Defendants argue that an IME is required because plaintiff has placed his medical condition in controversy by claiming ongoing emotional stress damages. Plaintiff responds that an IME is unnecessary, given that plaintiff is only claiming "garden-variety" emotional distress. Furthermore, plaintiff argues that defendants have failed to meet the good cause standard set forth by Fed. R. Civ. P. 35(a). The parties attempted to resolve this dispute to no avail.

Having reviewed defendants' motion, plaintiff's response, defendants' reply, the

ORDER
PAGE - 1

declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and orders:

(1) Defendants' CR 37 Motion to Compel a Rule 35 Examination (Dkt. #16) is GRANTED. Fed. R. Civ. P. 35(a) provides in pertinent part:

> When the mental or physical condition . . . of a party . . . is *in controversy*, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner[.] . . . The order may be made only on motion for *good cause* shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

*Id.* (emphasis added).

The "in controversy" and "good cause" requirements "are not met by mere conclusory allegations of the pleadings - nor by mere relevance to the case - but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118, 85 S.Ct. 234 (1964). Therefore, Fed. R. Civ. P. 35 "requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental . . . examination . . . has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause,' which requirements . . . are necessarily related." *Id.* at 118. Generally, Fed. R. Civ. P. 35(a) is to be construed liberally in favor of granting discovery. *Turner v. Imperial Stores*, 161 F.R.D. 89, 96 (S.D. Cal. 1995).

Whether a medical condition is "in controversy" for purposes of Fed. R. Civ. P. 35(a) is determined by analyzing whether the plaintiff: (1) has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) has alleged a specific mental or psychiatric disorder; (3) has claimed unusually severe emotional distress; (4) has offered expert testimony in support of his claim for emotional distress damages; or (5) concedes that his mental condition is "in controversy." *Id.* at 97-98. A claim of emotional distress, without more, is generally insufficient to put the plaintiff's medical condition "in controversy." *Id.* at 97; *Cody v. Marriott Corp.*, 103 F.R.D. 421, 422 (D. Mass. 1984). "Sweeping examinations

ORDER
PAGE - 2

of a party who has not affirmatively put into issue his own mental . . . condition are not to be ordered merely because the person has made a claim of emotional distress." *Id.* at 422 (*citing Schlagenhauf*, 379 U.S. at 121).

However, courts have found that a plaintiff's allegations of *ongoing distress* are enough to place his or her medical condition in controversy. *See, e.g., Gattegno v. Pricewaterhouse Coopers, LLP*, 204 F.R.D. 228, 232 (D. Conn. 2001) (claims of ongoing mental injury in a complaint and in discovery responses place a plaintiff's mental state "in controversy"); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D. Cal. 1995) (a plaintiff's allegation in her complaint "that her emotional distress in ongoing, is sufficient to establish good cause to compel a mental examination of her"); *Bridges v. Eastman Kodak Co.*, 850 F. Supp. 216, 222 (S.D.N.Y. 1994) ("While there seems to be no hard and fast rule that can explain [what constitutes 'in controversy'], most cases where mental examinations have been allowed have involved . . . an allegation of ongoing severe mental injury"); *Hodges v. Keane*, 145 F.R.D. 332, 334 (S.D.N.Y. 1993) (finding that if a plaintiff elects "to assert the existence of an ongoing mental illness . . . defendants would undoubtedly be entitled to an order under Rule 35(a) allowing them to conduct a psychiatric evaluation to determine the existence of such a condition"). The decision as to whether such a showing is made ultimately lies in the sound discretion of the trial court. *See Stinchcomb v. United States*, 132 F.R.D. 29, 30 (E.D. Pa. 1990).

In the instant case, plaintiff argues that if the Court were to allow an IME in this case, it would have to order an IME in any case where a plaintiff alleges emotional distress. Plaintiff also argues that an IME is unnecessary because there is no indication that he is claiming that his symptoms are ongoing. But a review of the record suggests otherwise. For example, plaintiff's response to defense Interrogatory No. 6 provides:

> Plaintiff is *currently* taking medication and is in counseling for emotional trauma and post traumatic stress disorder. He no longer feels safe and has nightmares. *He suffers from anxiety and depression, loss of sleep.* Dr. John Slightam is treating Plaintiff for these disorders and prescribes three medications to be taken on a daily basis or as needed. Dr. Eli Levy is treating Plaintiff for stress related eczema and prescribes medication for this condition. The above is a summary.

ORDER
PAGE - 3

(Dkt. #18, Decl. of Bannon, Exhibit I at 48c) (emphasis added).

Additionally, plaintiff's deposition provides in pertinent part:

Q:  Are you *still seeing* Dr. Slightam?
A:  *Yes, I do.*
Q:  And what are the various reasons why you're seeing him?
A:  Anxiety.
Q:  Anxiety stemming from what?
A:  Having the heck shocked out of me.

(*Id.*, Exhibit O at 125) (emphasis added).

Furthermore, plaintiff's complaint alleges that he has "suffered pain, humiliation, embarrassment, and *emotional distress*." (Dkt. #1, Plaintiff's Complaint, ¶ 4.2) (emphasis added). Therefore his discovery response, his deposition testimony, and his complaint each allege that he is suffering from *ongoing distress*. This added element also serves to alleviate plaintiff's concerns that compelling an IME in this case would warrant an IME in any case involving emotional distress.

Nevertheless, plaintiff argues that "garden-variety" claims for emotional distress do not place mental conditions "in controversy" within the meaning of Fed. R. Civ. P. 35(a). However, to make a distinction "between those that only allege 'garden-variety' emotional distress and those that allege a specific or severe form of emotional distress is no more than a game of semantics and has nothing whatsoever to do with defendant's obligation to show good cause for the ordering of an IME." *Benham v. Rice*, 238 F.R.D. 15, 28 (D.D.C. 2006). Such is the case here where plaintiff asserts that he continues to suffer from *ongoing distress* as a result of the incident that gave rise to his lawsuit. Regardless of how plaintiff attempts to characterize his claim, he cannot avoid the substance underlying it. Thus, the Court finds that he has placed his mental condition "in controversy" for purposes of Fed. R. Civ. P. 35(a).

The Court likewise finds that defendants have shown "good cause" to compel an IME of plaintiff. Where a plaintiff makes a claim of damages for emotional distress, courts have compelled IMEs to allow defendants to rebut such claims. *See, e.g., Jansen v. Packaging Corp. of America*, 158 F.R.D. 409, 410 (N.D. Ill. 1994) ("There is no question that by advancing such intangible harms as a component of her damages claim [that plaintiff] has not

ORDER
PAGE - 4

only placed her mental condition 'in controversy' but has confirmed the existence of 'good cause'"); *see also Smedley v. Capps, Staples, Ward, Hastings and Dodson*, 820 F. Supp. 1227, 1232 (N.D. Cal. 1993) (holding that plaintiff's intent to present evidence of "normal" emotion distress warrants the ordering of an IME so that defendants can refute such evidence). Here, without the information obtained through an IME, defendants in this case would not have the opportunity to challenge plaintiff's emotional distress claim. Defendants should be allowed to evaluate a plaintiff's mental state in order to preserve a defendant's right to a fair trail, and to preserve the equal footing of the parties. *See Gattegno*, 204 F.R.D. at 233 (citations omitted). Coupled with the liberal rules favoring discovery, the Court finds that defendants have made the requisite showing to compel an IME in the instant case. Nothing in the language of this Order prevents plaintiff from exercising his right to call a rebuttal expert to refute the IME.

(2) Plaintiff is ORDERED to submit to an independent medical examination with John E. Hamm, M.D., on February 22, 2008 at 10:30 a.m. The scope of the examination is limited to evaluating the extent of plaintiff's emotional distress. Defendants will be responsible for all costs associated with the examination, including any costs incurred by plaintiff in attending the examination. Should plaintiff be unavailable to attend the examination on this date due to a hardship, the parties are advised to meet-and-confer to agree upon an alternative mutually-agreeable time no later than thirty (30) days from the date of this Order.

(3) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this  12  day of February, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE