UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN BONNER,

          Plaintiff,

     v.

NORMANDY PARK, and DETECTIVE
JOHN LIEVERO,

          Defendants.

CASE NO. C07-962RSM

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
RULE 26 AND 37 MOTION TO
COMPEL DISCOVERY AND FOR
SANCTIONS

      This matter comes before the Court on defendants' Rule 26 and 37 Motion to Compel Discovery and for Sanctions. (Dkt. #17). Plaintiff Kevin Bonner ("Mr. Bonner") filed the instant lawsuit alleging that he was falsely arrested and imprisoned and subject to excessive force on April 25, 2005, in violation of 42 U.S.C. § 1983 and Washington State common law. Defendants Normandy Park and John Lievero (collectively "defendants") now move the Court for an Order compelling Mr. Bonner to respond to the following information: (1) to answer two Requests for Production ("RFP") regarding notes prepared by Mr. Bonner and reviewed by him in preparation of his November 29, 2007 deposition; (2) to answer Interrogatory No. 3 regarding financial stressors; (3) to answer two RFPs regarding checking account and tax records; (4) to answer two RFPs regarding the production of criminal defense attorney billing invoices as a part of special damages; (5) to answer two RFPs regarding attorney billings and payments for legal proceedings; and (6) to compel admissions as to the truth of a document

ORDER
PAGE - 1

previously entered in a state municipal court.  Defendants also seek an Order compelling Mr. Bonner to resume his deposition, and to provide an additional hour of deposition time beyond the seven hours permitted by the Rules.  Lastly, defendants seek attorney's fees and sanctions.

Mr. Bonner disputes each argument raised by defendants, and also seeks attorney's fees.  The Court notes that the parties have made a good-faith effort to resolve their discovery disputes pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 37(a)(2)(B), with the exception of defendants' attempt to compel Mr. Bonner to resume his deposition.

Having reviewed defendants' motion, plaintiff's response, defendants' reply, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and orders:

(1)  Defendants' Rule 26 and 37 Motion to Compel Discovery and for Sanctions (Dkt. #17) is GRANTED IN PART and DENIED IN PART as follows:

a.  <u>RFPs regarding Mr. Bonner's notes</u>:  Mr. Bonner prepared notes on or around June 6, 2005, following the events that gave rise to this lawsuit.  Defendants argue that they are entitled to these notes because he testified in his deposition that he specifically did not prepare his notes for his attorney.[1]  Furthermore, defendants argue that where a party relies on work product documentation to prepare to be deposed, opposing counsel is entitled to production of such documents.  Mr. Bonner responds that defendants' characterization of Mr. Bonner's deposition is incorrect.  Mr. Bonner further objects to the disclosure of the notes on the grounds of the attorney-client privilege.

At its most fundamental level, the attorney-client privilege extends to disclosures made by a client to his attorney during the course of representation.  *See Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569 (1976); *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677 (1981); Fed. R. Evid. 501.  Here, the applicability of the privilege plainly does

---

[1] Plaintiff retained Robert Hardy ("Mr. Hardy") to represent him in a separate criminal matter that was pending as a result of the events that gave rise to the instant case.  The criminal matter has since been dismissed.  (Dkt. #1, Plaintiff's Complaint, ¶ 2.12).

ORDER
PAGE - 2

not apply as evidenced by Mr. Bonner's own deposition testimony.  It provides in pertinent part:

> Q:   Were [the notes] originally prepared for your criminal defense attorney, Mr. Hardy?
> A:   *No.*
> Q:   Were any of the documents that you reviewed to prepare for the deposition today originally prepared by you for your criminal defense attorney, Mr. Hardy?
> A:   *No.*
>        * * *
> Q:   And so, at the time you wrote the documents that you reviewed for your deposition today, you had no counsel; is that correct?
>        * * *
> A:   *I don't know.*

(Dkt. #18, Dep. of Bonner, 13:14-20;14:19-25) (emphasis added).

Thus, the Court cannot find that Mr. Bonner is entitled to the attorney-client privilege given that Mr. Bonner has testified under oath that: (1) he did not prepare his notes for counsel; and (2) he was unsure whether he represented by counsel at the time he prepared such notes.  The notes simply were not communications made to an attorney.  Moreover, defendants are correct in arguing that generally speaking, disclosure of communications or information that otherwise would be at least presumptively protected by a privilege or the work product doctrine are discoverable if a witness reviews such communications or information in preparation of his deposition.  *See, e.g.*, *Intermedics, Inc. v. Ventritex, Inc.*, 139 F.R.D. 384, 386, n.1 (N.D. Cal. 1991) (holding that all communications made from counsel to a testifying expert that relate to the subjects about which the expert will testify are discoverable); *see also Wheeling-Pittsburgh Steel Corp. v. Underwriters Laboratories, Inc.*, 81 F.R.D. 8, 9-10 (N.D. Ill. 1978) (finding that a plaintiff waived the attorney-client privilege as to certain documents by allowing their use for the purpose of refreshing recollection of plaintiff's former employee immediately prior to his deposition).

In any event, Fed. R. Civ. P. 33(b)(4) provides that "[t]he grounds for objecting to an interrogatory must be stated with specificity.  Any ground *not stated in a timely objection is waived* unless the court, for good cause, excuses the failure."  *Id.* (emphasis added).  Here, the relevant RFP provides:

Pursuant to Fed. R. Civ. [P]. 34, please produce a copy of any journal entries or notes written by Plaintiff relating to Plaintiff's April 25, 2005 arrest in [your] or your attorney's possession.
Response: Any responsive documents were provided to Defendant with Plaintiff's Initial Disclosures.

(Dkt. #18, Ex. G at 44).

Therefore the record is equally clear that Mr. Bonner did not assert the attorney-client privilege with respect to this RFP. Nor has Mr. Bonner shown good cause to excuse his failure to disclose. Accordingly, defendants' motion to compel the discovery of these notes shall be GRANTED.

b. <u>Interrogatory No. 3 regarding financial stressors</u>: Defendants argue that they are entitled to discover sources of financial stress claimed by Mr. Bonner. Specifically, defendants move the Court to compel Mr. Bonner to respond to its Interrogatory No. 3 which asks Mr. Bonner to produce the total amount of money he and his wife paid to support their daughter in the three years preceding April 25, 2005. Mr. Bonner objects to the discovery on the grounds that it is a violation of privacy, irrelevant, and unlikely to lead to the discovery of admissible evidence. The Court agrees. While parties are generally entitled to all relevant information, *see* Fed. R. Civ. P. 26(b)(1), a court "must limit the frequency or extent of discovery . . . if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefits, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

Here, Mr. Bonner is asserting emotional damages related to the incident giving rise to the lawsuit. And while he has claimed in his deposition that other financial stressors were present in his life, including the responsibility to care for his daughter, the precise amount of how much he paid to care for his daughter for three years preceding April 25, 2005 is too far removed from the actual merits of this case. In addition, the Court notes that it has permitted defendants to conduct an IME of Mr. Bonner regarding the emotional distress he is suffering. (*See* Dkt. #36). Therefore the IME, coupled with the financial records Mr. Bonner has already provided to defendants, sufficiently provides them with the information needed to

ORDER
PAGE - 4

1   defend against Mr. Bonner's damages claim of emotional distress.  Accordingly, defendants'

2   motion to compel a response to Interrogatory No. 3 is DENIED.

3          c.  <u>RFPs regarding Mr. Bonner's Checking Account and Tax Records</u>:  Defendants

4   request financial information related to Mr. Bonner's checking and tax records from the years

5   2004 through 2007.   For the same reasons mentioned above with respect to Mr. Bonner's

6   financial records related to his daughter, the Court finds that this information is too far

7   removed from the merits of the case.  Accordingly, defendants' motion to compel Mr.

8   Bonner's checking account and tax records is DENIED.

9          d.  <u>RFPs regarding Mr. Bonner's Criminal Defense Attorney Bills</u>:  Defendants move

10  to compel the production of the criminal defense attorney bills on the grounds that Mr.

11  Bonner has made a claim to recoup attorney's fees incurred in defending the criminal charges

12  filed against him.  (Dkt. #1, Plaintiff's Complaint, ¶ 4.4).  Mr. Bonner argues that the billings

13  were protected by the attorney-client privilege.  In addition, Mr. Bonner argues that he has

14  already submitted copies of checks made payable to his criminal defense attorney.

15         It is well established that the amount of the fee an attorney charges his client is

16  generally unprotected from disclosure by the attorney-client privilege.  *United States v. Bauer*,

17  132 F.3d 504, 509 (9th Cir. 1997); *United States v. Carrillo*, 16 F.3d 1046, 1050 (9th Cir.

18  1994).  Only bills "which also reveal the motive of the client in seeking representation,

19  litigation strategy, or the specific nature of the services provided . . . fall within the privilege."

20  *Clarke v. American Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992).  The burden of

21  establishing the privilege rests with the party asserting the privilege.  *Id.*

22         In the instant case, because Mr. Bonner is seeking to recoup the costs associated with

23  defending himself in the underlying criminal proceeding, defendants are correct in asserting

24  that they are entitled to a copy of the bills Mr. Bonner's attorney sent to him.  Defendants

25  have the right to examine the extent to which they may be financially responsible to Mr.

26  Bonner when Mr. Bonner is making a specific claim to recover attorney's fees.  Furthermore,

27  such bills are not protected by the attorney-client privilege, and Mr. Bonner has failed to show

28  why the privilege would apply in his case.  Accordingly, defendants' motion to compel copies

ORDER
PAGE - 5

of Mr. Bonner's criminal defense attorney bills is GRANTED.

e.   <u>RFPs regarding attorney billings and payments for legal proceedings</u>: Defendants move to compel the production of "attorney billings and payments for legal proceedings pending during the timeframe in question." (Dkt. #17 at 1).  However, defendants fail to differentiate within the body of its motion how this request differs from its request to obtain Mr. Bonner's criminal defense attorney bills discussed above.  Therefore to the extent that defendants seek an Order from the Court regarding this specific request, the motion is DENIED.

f.   <u>Request for Admissions</u>:  On December 6, 2005, Mr. Bonner signed a "Stipulated Order of Continuance" in the Des Moines Municipal Court for the city of Normandy Park. The stipulation states:

> *In the event the court finds cause to revoke the stay of proceedings*, [Mr. Bonner] stipulates and agrees to the following facts: that at 1:37PM on April 25, 2005 with permission, he knowingly entered the Normandy Park Police Station; That on April 25 at about 1:40pm [Mr. Bonner] was ordered to leave the Police Station; That the order to leave by Police Officers was a lawful order; That when [Mr. Bonner] was told to leave he remained in the police station. [Mr. Bonner] stipulates and agrees that the facts outlined above are sufficient to convict [him] of the charged crime(s).

(Dkt. #26, Decl. of Needle, Ex. C) (emphasis added).

Based on this stipulation, defendants propounded a Request for Admissions upon Mr. Bonner, attempting to have Mr. Bonner admit to the facts mentioned in the stipulation.  (Dkt. #18, Ex. J).  Mr. Bonner denied defendants' requests, with the exception of defendants' request that Mr. Bonner admit that the stipulation was a true and correct copy that he signed. (*Id.* at 61).  Defendants now request that the Court compel Mr. Bonner to admit to the remainder of its request for admissions.

Given the plain language of the stipulation, however, the Court finds that Mr. Bonner does not to have to admit to such facts.  The phrase "[i]n the event the court finds cause to revoke the stay of proceedings" undoubtedly modifies the entire paragraph of the stipulation. Therefore whether Mr. Bonner previously stipulated to such facts is conditioned upon whether the court revoked the stay of proceedings, which it did not do based upon the fact that the criminal charges were dropped against Mr. Bonner.  Defendants do not dispute this

ORDER
PAGE - 6

1   fact.  Accordingly, defendants' motion to compel Mr. Bonner to admit to certain facts in

2   defendants' request for admissions is DENIED.

3        g.  <u>Mr. Bonner's deposition</u>:  Defendants argue that the Court should compel Mr.

4   Bonner to resume his deposition because it was unnecessarily cut short, and to provide an

5   additional hour of deposition time beyond the seven permitted by the Rules.  However, as

6   mentioned above, the Court notes that defendants did not comply with its meet-and-confer

7   obligations with respect to this discovery dispute.  For example, defendants' counsel's letter

8   to Mr. Bonner's counsel states that "[i]n our view, the following six (6) matters are still

9   outstanding and a matter of dispute between the parties." (Dkt. #18, Ex. U at 157).  But the

10  list does not contain a reference to defendants seeking additional deposition testimony from

11  Mr. Bonner.  As the Court has made clear in a previous Order instructing the parties to

12  comply with its meet-and-confer obligations (*see* Dkt. #35), the Court does not take this

13  obligation lightly.  Accordingly, defendants' motion to compel further deposition testimony of

14  Mr. Bonner is DENIED.

15       h.  <u>Attorney's fees</u>:  Both parties move the Court for an award of attorney's fees.

16  Pursuant to Fed. R. Civ. P. 37(a)(4)(A) and (B), if a motion to compel is granted or denied,

17  the court shall require the losing party to pay the other the reasonable expenses, including

18  attorney's fees, incurred in either bringing the motion or defending the motion.  *See id.*

19  However, the Rules make it clear that attorney's fees are not justified if there are "other

20  circumstances [that] make an award of expenses unjust."  *Id.*  District courts generally have

21  broad discretion to interpret and apply their local rules.  *See Delange v. Dutra Const. Co.,*

22  *Inc.*, 183 F.3d 916, 919, n.2 (9th Cir. 1999) (citation omitted).

23       Here, both parties have been equally dilatory for the discovery disputes that have

24  necessitated the Court's involvement.  The record reflects that counsel have been exceedingly

25  adversarial as evidenced through their conduct in depositions, correspondence, and in the

26  motions filed with the Court.  Under these circumstances, neither party is entitled to

27  attorney's fees.  Accordingly, the request for attorney's fees is DENIED.

28       (2)  With respect to the portions of defendants' Motion to Compel that the Court has

ORDER
PAGE - 7

1   granted, plaintiff is directed to comply with defendants' discovery requests <u>no later than</u>

2   <u>twenty-one (21) days from the date of this Order</u>.

3          (3)  The Clerk is directed to forward a copy of this Order to all counsel of record.

4

5          DATED this 14th  day of February, 2008.

6

7                                        RICARDO S. MARTINEZ
                                         UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
PAGE - 8