UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN BONNER,

        Plaintiff,

   v.

NORMANDY PARK, and DETECTIVE JOHN LIEVERO

        Defendants.

CASE NO. C07-962RSM

ORDER ON MOTIONS IN LIMINE

This matter comes before the Court on Plaintiff's and Defendants' motions in limine. (Dkts. #64 and 65). Having reviewed the relevant pleadings, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants' motions in limine (Dkt. #64) are GRANTED IN PART, DENIED IN PART, and STRICKEN AS MOOT as follows:

    a. <u>Defendants' motions in limine #17 - #25</u>:

As an initial matter, the Court addresses Defendants' brief which is 18 pages in length. Motions in limine are not to exceed 12 pages unless by leave of the Court. *See* Local Rule CR 7(e)(4). Here, Defendants did not seek leave of Court to file an overlength brief. Therefore Defendants' motions in limine #17 through #25, which are discussed on pages 13 – 18, shall be STRICKEN AS MOOT. Defendants are not significantly prejudiced by this ruling because

ORDER
PAGE - 1

Defendants will be free to raise objections regarding the substance of these motions if and when they arise during trial. In addition, Plaintiff indicated to the Court during the pretrial conference that they had no objection to several of these motions.

b. Defendants' motions in limine #1, #2, #3, #5, #6, #7 and #14:

The aforementioned motions shall be GRANTED. Plaintiffs indicate that they have no intention of raising such evidence related to these motions, or otherwise fail to respond these motions. Moreover, failure to respond to a specific argument raised in a motion is construed by the Court as an admission that such argument has merit. *See* Local Rule CR 7(b)(2). Therefore Plaintiff is excluded from introducing any evidence pertaining to these motions in limine at trial.

c. Defendants' motion in limine #4 – violations of internal policies:

Defendants also seek to exclude any suggestion made by Plaintiff that "any policies create a legal duty or constitutional violation as to [Officer Lievero], or that any inconsistency with the [City of Normandy Park Police Department's] policies establish a compensable Fourth Amendment cause of action." (Dkt. #64 at 4). In support of this argument, Defendants suggest that two cases stand for the proposition that whether an officer complies with department policies or practices is immaterial to the question of an individual officer's liability under the Fourth Amendment. (*See* Dkt. #64 at 3) (*citing Whren v. United States*, 517 U.S. 806 (1996); *Case v. Kitsap County Sheriff's Department*, 249 F.3d 921 (9th Cir. 2001)). However, Defendants overstate the rule of law in both cases. In *Whren*, the Supreme Court found that "police enforcement practices . . . vary from place to place and from time to time" and should therefore never be the touchstone of a Fourth Amendment inquiry. 517 U.S. at 815. Thus, a police officer's failure to follow departmental policy should *never prove* a Fourth Amendment claim. *See id*. at 216. Nevertheless, *Whren* never explicitly found that such practices should be completely excluded from evidence. In fact, the Supreme Court explained that its findings did not "purport[] to find an answer, but merely one that leaves the question open." *Id*. at 816.

In addition, in *Case*, the court did not find that an examination of a departmental regulation is "irrelevant" for purposes of a Fourth Amendment analysis as Defendants suggest.

To the contrary, the court stated that "[w]hether the deputies violated a state law or an internal departmental policy *is not the focus of our inquiry*." *Case*, 249 F.3d at 929 (emphasis added). The focus is instead on whether an officer's conduct violates an individual's federal statutory or constitutional rights. *Id.* Therefore neither *Whren* nor *Case* suggested that the fact-finder should be precluded from hearing evidence that an officer may have violated the internal policy of his employer altogether.

As applied to this case, any allegation that Officer Lievero violated the City of Normandy Park's policy on the amount of force to be used certainly does not prove that Plaintiff's constitutional rights were violated. It is, however, a consideration that the fact-finder may consider in evaluating an individual's excessive force claim. It is a fundamental maxim that whether an officer used excessive force in violation of an individual's Fourth Amendment rights depends on the totality of the circumstances. *See Blanford v. Sacramento County*, 406 F.3d 1110, 1115 (9th Cir. 2005). Therefore Defendants' motion in limine with respect to this issue shall be DENIED.

### d. Defendants' motion in limine # 8 – reference to deposition and trial preparation with clients:

Defendants also seek to exclude any evidence introduced by Plaintiff regarding the content of any meetings between Defendants' counsel and Defendants themselves in preparation for trial on the grounds that they are protected by the attorney-client privilege. However, and as Plaintiff indicates, the burden on establishing that the attorney-client privilege exists rests on the party asserting the privilege. *See Ralls v United States*, 52 F.3d 223, 225 (9th Cir. 1995). Defendants have not made a specific showing of which communications they seek to exclude. Therefore the Court reserves ruling on this issue if and when it arises during trial.

### e. Defendants' motion in limine #9 – prior bad acts:

Defendants argue that "prior incidents" involving either of the Defendants should be excluded pursuant to FRE 404(b), which excludes evidence of other acts to show action in conformity therewith. They specifically indicate in their reply that any incidents prior to April 25, 2005, the date on which the incident that gave rise to this lawsuit occurred, should be

excluded. However, FRE 404(b) clearly states evidence of such prior acts may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FRE 404(b). The Court has no way of knowing how Plaintiff intends, if at all, to introduce prior acts of either Officer Lievero or the City of Normandy Park Police Department. The Court also has no way of knowing whether Defendants will potentially open the door for Plaintiff to introduce such acts. Therefore the Court reserves ruling on this issue if and when it arises during trial.

      f. <u>Defendants' motion in limine #10 – Plaintiff's character evidence:</u>

Defendants seek to exclude any evidence introduced by Plaintiff that he is a mild, passive, and non-assertive person who would not engage in hostility or otherwise challenge a police officer on the grounds that such evidence is irrelevant and prejudicial. Plaintiff indicates he only intends to offer such evidence to prove the emotional distress that the incident caused Plaintiff. The Court agrees with Defendants. FRE 404(b) and its corresponding case law clearly preclude the use of character evidence to prove that the person acted in conformity with the character trait. *See* FRE 404(b); *SEC v. Towers Financial Corp.*, 966 F. Supp. 203, 205 (S.D.N.Y. 1997); *Ginter v. Northwestern Mut. Life Ins. Co.*, 576 F. Supp. 627, 629-30 (D. Ky. 1984). Therefore this motion is GRANTED.

      g. <u>Defendants' motions in limine #11, #12, and #13 – The testimony of Don Van Blaricom:</u>

Defendants also seek to exclude the expert testimony of Don Van Blaricom ("Mr. Van Blaricom") on the grounds that he is unqualified to testify in this case about tasers. They specifically state that he is not a taser instructor, has not previously used an M26 taser – the taser at issue in this case – as an officer or as a chief, and has not been an instructor since 1974. However, the standard regarding the admissibility of expert testimony is liberal. *See Dorn v. Burlington Northern Santa Fe Railroad Co.*, 397 F.3d 1183, 1196 (9th Cir. 2005). Expert testimony under FRE 702 is admissible if it is relevant and reliable. *United States v. Sandoval-Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006). "Expert opinion testimony is relevant if the knowledge underlying it has a 'valid . . . connection to the pertinent inquiry.' And it is reliable

ORDER
PAGE - 4

if the knowledge underlying it 'has a reliable basis in the knowledge and experience of [the relevant] discipline.'" *Id.* (*quoting Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) and *Daubert v. Merrell Dow Pharms*, 509 U.S. 579, 592 (1993)). In determining whether to allow expert testimony, the district court should play the role of a "gatekeeper, not a fact-finder." *Sandoval-Mendoza*, 472 F.3d at 654.

Here, the Court finds that Mr. Van Blaricom's testimony is admissible as an expert. As his curriculum vitae indicates, he has testified as an expert regarding alleged police liability in over 1,400 lawsuits. (Dkt. #70, Ex. 1). In several of those cases, he has testified about whether the use of a taser constitutes excessive force under the facts of that particular case. (*Id.*). He also previously served 29 years as a police-officer, including 11 of those years as Chief of Police in Bellevue, Washington. (*Id.*). Furthermore, given his experience, he intends to testify about the use of force used in this particular case. Coupled with his training and background as a police-officer, the Court finds that his testimony is both relevant and reliable under the liberal standard set forth in *Daubert*.

Nevertheless, Defendants indicate that Mr. Van Blaricom's legal opinions have been previously ignored in at least three different cases and should likewise be ignored here. *See Billington v. Smith, et. al.*, 292 F.3d 1177, 1182-83 (9th Cir. 2002); *Goldsmith v. Snohomish County*, 558 F. Supp. 2d 1140, 1151 (W.D. Wash. 2008); *Gonzales v. Pierce County*, 2005 WL 2088367 (W.D. Wash. 2005). However, in *Billington* and *Goldsmith*, the courts did not completely exclude Mr. Van Blaricom's testimony. Rather, they attached little or no weight to his testimony. The Court adopts this reasoning, and finds that it is not the province of the Court at this stage to determine how effective Mr. Van Blaricom's testimony may or may not be. His credibility and his opinions shall be weighed by the jury. As Ninth Circuit Model Jury Instruction 2.11 indicates, "[o]pinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case." Accordingly, Mr. Van Blaricom shall be permitted to testify and Defendants' motion in limine #11 is DENIED.

ORDER
PAGE - 5

1    Defendants also seek to prevent any suggestion by Mr. Van Blaricom that tasers are
2 lethal weapons. Plaintiff indicated at the pretrial conference that no such contention will be
3 made. Therefore Defendants' motion in limine #12 shall be GRANTED.
4    Defendants also seek to exclude any suggestion made by Mr. Van Blaricom that Officer
5 Lievero may have violated the model policy on taser-use. However, experts are certainly
6 permitted to provide opinion testimony. Again, Defendants are free to call their own expert to
7 question Mr. Van Blaricom's testimony, and of course are able to cross-examine Mr. Van
8 Blaricom. Therefore Defendants' motions in limine #13 shall be DENIED.

### h. <u>Defendants' motion in limine #15 – pre-seizure "mistakes"</u>:

Defendants argue that any reference to any potential tactical errors made by Officer Lievero or any other officer at the scene prior to their use of force should be excluded. In support of this argument, Defendants indicate that the Ninth Circuit has "held that there are almost no circumstances in which pre-seizure conduct is subject to Fourth Amendment scrutiny." (Dkt. #64 at 11) (*citing Billington*, *supra*). However, *Billington* very clearly held that "[o]ur precedents do not forbid *any* consideration of events leading up to [an alleged constitutional violation]." *Id*. at 1190 (emphasis in original). Rather, they simply prevent a plaintiff from establishing "a Fourth Amendment violation based *merely on bad tactics*." *Id*. (emphasis added).

Therefore, Plaintiff is very clearly permitted to present his version of the events, including any alleged pre-seizure "mistakes" made before the alleged excessive force occurred. The fact-finder is also permitted to consider "whether the officer considered alternatives before undertaking intrusive activity implicating constitutional concerns." *San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 977 (9th Cir. 2005) (citation omitted). Allowing Plaintiff to present such evidence is consistent with the well-established "totality of the circumstances" inquiry the fact-finder is required to engage in to determine if an individual was subject to excessive force. As a result, this motion is DENIED.

### i. <u>Defendants' motion in limine #16 – evidence regarding failure to fully prosecute Plaintiff</u>:

Lastly, Defendants argue that Plaintiff should be excluded from arguing that the City of Normandy Park did not fully prosecute Plaintiff for obstructing a public servant following the events that gave rise to the instant claim. The Court agrees. The record indicates that the City of Normandy Park *did not* fail to fully prosecute Plaintiff. In fact, Plaintiff agreed to a Stipulated Order of Continuance with the prosecutor in the underlying criminal case. Plaintiff eventually met those conditions and the charges were dropped. Therefore, Plaintiff is precluded from arguing that the City of Normandy Park failed to fully prosecute Plaintiff because this is a mischaracterization of the evidence and would be prejudicial to Plaintiff. *See* FRE 403. Consequently, Defendants' motion shall be GRANTED.

(2) Plaintiff's Motions in Limine (Dkt. #65) are GRANTED IN PART and DENIED IN PART as follows:

    a. <u>Stipulated order of continuance</u>

Plaintiff seeks to exclude from evidence paragraph 7 of the Stipulated Order of Continuance regarding the charge brought against him for obstructing a public officer. (*See* Dkt. #66, Appx. E). The language of this paragraph includes an admission by Plaintiff that he agreed and stipulated to certain facts that occurred on April 25, 2005 at the City of Normandy Park Police Department, *in the event that he did not comply with certain conditions*. (*Id.*). It is undisputed that Plaintiff complied with these conditions, and therefore the stipulation was rendered meaningless. Thus, to the extent that Plaintiff seeks to exclude Defendants from arguing that Plaintiff admitted to these facts, such request shall be GRANTED.

However, to the extent that Plaintiff wishes to redact this particular paragraph from the document, the Court finds no reason to exclude such language from the jury. Plaintiff is certainly free to explain the circumstances of this stipulation. This aspect of Plaintiff's motion shall be DENIED.

    b. <u>Plaintiff's remaining motions in limine:</u>

The six remaining motions in limine brought by Plaintiff all relate to evidence regarding Plaintiff's family's legal troubles, including medical records which suggest that Plaintiff was experiencing anxiety and emotional distress as a result of such legal troubles. Plaintiff

ORDER
PAGE - 7

essentially argues that this evidence is irrelevant and prejudicial to Plaintiff because this case is not about Plaintiff's family, but rather Plaintiff himself.  Furthermore, Plaintiff contends that whether Plaintiff was experiencing anxiety prior to April 25, 2005 is immaterial to whether his Fourth Amendment rights were violated.

Defendants respond that such evidence is relevant because they are part of the "totality of the circumstances" in assessing the validity of Plaintiff's Fourth Amendment claim.  They indicate that these events show the amount of emotional stress Plaintiff was under at the time of the incident at question.  They further assure the Court that they do not intend to inundate the Court or the jury with excessive exhibits relating these matters.

Notwithstanding Defendants' argument, the Court agrees with Plaintiff.  Plaintiff's family's legal problems are too attenuated to have any relevance to whether Plaintiff's Fourth Amendment rights were violated.  While it is true that the Fourth Amendment inquiry requires the fact-finder to assess the "totality of the circumstances," this certainly does not allow the fact-finder to consider *every circumstance* leading up to the incident that caused the alleged constitutional violation.  Indeed, as Defendants acknowledge, the reasonableness of any Fourth Amendment seizure must be assessed considering the objective facts and circumstances that confronted the arresting officers at the time of the alleged constitutional violation. *See Smith v. City of Hemitt*, 394 F.3d 689, 701 (9th Cir. 2005).  This inquiry requires the fact-finder to consider the severity of the crime at issue, whether the plaintiff poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) (citation omitted).  This analysis does not suggest that the crimes of third-parties should be considered in evaluating the "totality of the circumstances."

Nevertheless, the Court recognizes that Plaintiff is asserting "garden variety emotional distress damages." (Dkt. #20).  Therefore Plaintiff very clearly has the burden of proving these damages, and Defendants are likewise permitted to rebut these damages.  Should Plaintiff introduce any of the evidence concerning his own anxiety or state-of-mind prior to April 25, 2005, Plaintiff will have effectively opened the door to allow Defendants to rebut such

evidence. Specifically, the testimony of John E. Hamm ("Dr. Hamm") and the report he created following an independent medical examination performed on Plaintiff is relevant to *disprove* Plaintiff's emotional distress damages. As a result, the Court shall ultimately reserve ruling on the issues underlying these motions if and when they arise during trial. The Court finds it worthwhile to reiterate that it agrees with Plaintiff's characterization that this is a case about whether his constitutional rights were violated and whether he was subject to assault and battery. As such, it is not a case about his family's legal troubles, and the Court has no intention of trying a domestic relations dispute.

(3) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this __29__ day of October, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 9