The Honorable Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

KEVIN BONNER,

        Plaintiff,

   v.

NORMANDY PARK, a Municipal Corporation, and DETECTIVE JOHN LIEVERO, in his individual capacity,

        Defendants.

NO.  C07-0962 RSM

PROPOSED JOINT INSTRUCTIONS

JOINT INSTRUCTIONS

*Bonner v. City of Normandy Park*

07-0962 RSM

**PROPOSED JURY INSTRUCTIONS - JOINT**

**TABLE OF CONTENTS**

| NUMBER | TITLE | SOURCE | PAGE NO | PARTY |
|--------|-------|--------|---------|-------|
| 1 | Duty of Jury to Find Facts and Follow Law | 9th Cir. 1.1A - 1.1C | 1 | Joint |
| 2 | Burden of Proof - Preponderance of the Evidence | 9th Cir. 1.3 | 2 | Joint |
| 3 | Corporations and Partnerships Fair Treatment | 9th Cir. 4.1 | 3 | Joint |
| 4 | What is Evidence | 9th Cir. 1.6 | 4 | Joint |
| 5 | What is Not Evidence | 9th Cir. 1.7 | 5 | Joint |
| 6 | Direct and Circumstantial Evidence | 9th Cir. 1.9 | 6 | Joint |
| 7 | Expert Opinion | 9th Cir. 2.11 | 7 | Joint |
| 8 | Causation | 9th Cir. 9.8 | 8 | Joint |
| 9 | Duty to Deliberate | 9th Cir. 3.1 | 10 | Joint |
| 10 | Communication with Court | 9th Cir. 3.2 | 11 | Joint |
| 11 | Proximate Cause - Definition | WPI 15.01 | 12 | Joint |
| 12 | Two or More Parties - Different Legal Rights | 9th Cir. 1.5 | 13 | Joint |
| 13 | Credibility of Witnesses | 9th Cir. 1.11 | 14 | Joint |
| 14 | Return of Verdict | 9th Cir. 3.3 | 15 | Joint |

| NUMBER | TITLE | SOURCE | PAGE NO | PARTY |
|--------|-------|--------|---------|-------|
| 15 | Principal and Agent Sued | WPI 50.04 | 16 | Joint |
| 16 | Duty to Deliberate | 9th Cir. 3.1 | 17 | Joint |
| 17 | Use of Notes | 9th Cir. 1.14 | 18 | Joint |

INSTRUCTION NO. 1

Duty of Jury to Find Facts and Follow Law

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Ninth Circuit 1.1A-1.1C

## INSTRUCTION NO. 2

Burden of Proof - Preponderance of Evidence

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Ninth Circuit 1.3

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INSTRUCTION NO. 3

## CORPORATIONS AND PARTNERSHIPS FAIR TREATMENT

All parties are equal before the law and a municipal corporation is entitled to the same fair and conscientious consideration by you as any party.

Ninth Circuit 4.1

3

INSTRUCTION NO. 4

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

Ninth Circuit Model Instruction 1.6

4

INSTRUCTION NO. 5

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Instruction 1.7

5

INSTRUCTION NO. 6

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Instruction 1.9

6

INSTRUCTION NO. 7

EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Instruction 2.11

INSTRUCTION NO. 8

CAUSATION

In order to establish that the acts of the defendant, Detective John Lievero, deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions, the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

Ninth Circuit Model Instruction 9.8

8

INSTRUCTION NO. 9

DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Ninth Circuit Model Instruction 3.1

9

INSTRUCTION NO. 10

COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Ninth Circuit Model Instruction 3.2

10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 11

PROXIMATE CAUSE - DEFINITION

The term "proximate cause" means a cause which in a direct sequence unbroken by any new independent cause, produces the injury complained of and without which said injury would not have happened.

There may be one or more proximate causes of injury.

WPI 15.01

11

INSTRUCTION NO. 12

TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

Ninth Circuit Model Instruction 1.5

INSTRUCTION NO. 13

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Ninth Circuit Model Instruction 1.11

13

INSTRUCTION NO. 14

RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Ninth Circuit Model Instruction 3.3

INSTRUCTION NO. 15

The Defendants are sued as principal and agent under Washington State Law.  The defendant, City of Normandy Park, is the principal and the defendant, Detective John Lievero, is the agent.  If you find the Defendant, Detective John Lievero, is liable for assault and battery, then you must find thaat the defendant, City of Normandy Park, is also liable.  However, if you do not find that Detective John Lievero is liable, then the City of Normandy Park is not liable.

WPI 50.04

INSTRUCTION NO. 16

DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Ninth Circuit Model Civil Jury Instruction 3.1

16

INSTRUCTION NO. 17

USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

1    Joint Jury Instructions submitted this 30th day of October, 2008.

2

3

4

5    _____
     Jeffrey Needle, WSBA #6346
6    Attorney for Plaintiffs

7

8

9    _____
     Benda Bannon, WSBA #17962
10   Attorney for Defendants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Honorable Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

KEVIN BONNER,

        Plaintiff,

     v.

NORMANDY PARK, a Municipal Corporation, and DETECTIVE JOHN LIEVERO, in his individual capacity,

        Defendants.

NO.  C07-0962 RSM

JOINT STATEMENT OF DISPUTED INSTRUCTIONS

*Bonner v. City of Normandy Park*
07-0962 RSM

**PROPOSED JURY INSTRUCTIONS - DISPUTED**

**TABLE OF CONTENTS**

| NUMBER | TITLE | SOURCE | PAGE NO | PARTY |
|--------|-------|--------|---------|-------|
| PLAINTIFF'S PROPOSED JURY INSTRUCTIONS - DISPUTED | | | | |
| 1 | Claims and Defenses | 9th Cir. 1.2 | 1 | Plaintiff |
| 2 | Evidence for Limited Purpose | 9th Cir. 1.8 | 3 | Plaintiff |
| 3 | Section 1983 - Introductory Instruction | 9th Cir. 9.1 | 5 | Plaintiff |
| 4 | Section 1983 Claim Against Defendant in Individual Capacity - Elements and Burden of Proof | 9th Cir. 9.2 | 7 | Plaintiff |
| 5 | Particular Rights - Fourth Amendment Excessive Force, Assault and Battery | 9th Cir. 9.22 | 9 | Plaintiff |

| NUMBER | TITLE | SOURCE | PAGE NO | PARTY |
|---|---|---|---|---|
| 6 | Assault and Battery | *McKinney v. City of Tukwila*, 103 Wn. App. 391, 408, 13 P.3d 631 (2000); *Guffey v. State*, 103 Wash.2d 144, 149, 690 P.2d 1163 (1984) (citations omitted); *Bonner v. City of Normandy Park, et al.*, Summary Judgment Order at 15.  RCW 10.31.050 | 11 | Plaintiff |
| 7 | Punitive Damages | 9th Cir. 5.5 | 13 | Plaintiff |
| 8 | Use of Force - Objective Factors Requires | *Deorle v. Rutherford*, 272 F.3d 1272, 1`281 (9th Cir. 2001); *Winterrowd v. Nelson*, 480 F.3d 1181, 1185 (9th Cir. 2007). | 16 | Plaintiff |
| 9 | Use of Force - Allegation of Domestic Violence Not Enough | *Smith v. City of Hemet*, 394 F.3d 689, 702-703 (9th Cir. 2005)(en banc) | 19 | Plaintiff |
| 10 | Use of Force - Offensive Comments | *Winterrowd v. Nelson*, 480 F.2d 1181 (9th Cir. 2007); *Houston v. Hill*, 482 U.S. 451, 461 (1987); *Duran v. City of Douglas, Ariz.*, 904 F.2d 1372, 1378 (9th Cir. 1990) | 21 | Plaintiff |
| 11 | Damages - Proof | 9th Cir. 5.1 | 23 | Plaintiff |
|  | Plaintiff's Special Verdict Form |  | 24 | Plaintiff |

| NUMBER | TITLE | SOURCE | PAGE NO | PARTY |
|--------|-------|--------|---------|-------|
| DEFENDANT'S PROPOSED JURY INSTRUCTIONS - DISPUTED | | | | |
| 1 | Duty of Jury | *Ninth Circuit Model Civil Instruction 1.1* | 26 | Defendant |
| 2 | Introductory Instruction (Option A) | | 28 | Defendant |
| 3 | Introductory Instruction (Option B) | | 30 | Defendant |
| 4 | Claims and Defenses | *Ninth Circuit Model Civil Instruction 1.2* | 32 | Defendant |
| 12 | Probable Cause Established | Summary Judgment Order (10/04/08) [Dkt __] | 34 | Defendant |
| 13 | Violation of Federal Civil Rights - Element and Burden of Proof | *Ninth Circuit Model Civil Instruction 9.1, 9.2 (modified)* | 36 | Defendant |
| 14 | Excessive Force | 9th Cir. Mod. Civ. Jury Inst (2007) 9.22 | 38 | Defendant |
| 16 | State Law Assault and Battery Elements | *Restatement 2nd of Torts, §21; Orwick v. Cox, 65, Wn.App 71 (1992); McKinney v. City of Tukwila, 103 Wn.App 391, 408 (2008)* | 40 | Defendant |
| 17 | Lawful Use of Force (Option A) | *McKinney v. Tukwila, 103 Wn. App. 391, 409 (2000); State v. Solis, 38 Wn. App. 484, 486, 685 P.2d 672 (1984); RCW 9A.16.020* | 42 | Defendant |

| NUMBER | TITLE | SOURCE | PAGE NO | PARTY |
|--------|-------|--------|---------|-------|
| 18 | Lawful Use of Force (Option B) | *McKinney v. Tukwila, 103 Wn. App. 391, 409 (2000); State v. Solis, 38 Wn. App. 484, 486, 685 P.2d 672 (1984); RCW 9A.16.020* | 44 | Defendant |
| 19 | Use of Force - When Lawful | RCW 9A.16.020, RCW 10.31.050. | 46 | Defendant |
| 20 | Duty of Officer to Enforce Laws and Ordinances | RCW 10.93.070 | 48 | Defendant |
| 21 | Right to Resist Arrest | *State v. Bradley, 141 Wn.2d 731, 10 P.2d 358 (2000; State v. Valentine, 132 Wn.2d 1, 20-21, 935 P.2d 1294 (1997); Bergstralh v. Lowe, 504 F.2d 1276 (9th Cir. 1974); See also, U.S. v. Span, 970 F.2d 573, 580 (9th Cir. 1992).* | 50 | Defendant |
| 22 | Damages - Proof | *Ninth Circuit Model Civil Jury Instruction 5.1, 5.2 (modified)* | 52 | Defendant |
| 23 | Punitive Damages - Net Worth | *Ninth Circuit Model Civil Jury Instruction 5.5 (modified); Woods-Drake v. Lundy, 667 F.2d 1198, 1203 (C.A. Miss. 1982); Fountila v. Carter, 571 F.2d 487 (C.A. Cal. 1978).* | 54 | Defendant |
| 23a | Punitive Damages - Lievero | *Ninth Circuit Model Civil Jury Instruction 5.5* | 56 | Defendant |

PLAINTIFF'S PROPOSED INSTRUCTION NO. 1

CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims that on April 25, 2005 Detective John Lievero used excessive force for the purpose of arresting him in violation of the Fourth Amendment to the United States Constitution and committed a civil assault and battery against him under Washington State law. Plaintiff further claims that the City of Normandy Park is liable for the acts of Detective Lievero under Washington State law. The plaintiff has the burden of proving these claims.

The defendant denies those claims.

Ninth Circuit Model Instruction 1.2

1

PLAINTIFF'S INSTRUCTION NO. 1

CLAIMS AND DEFENSES

<u>DEFENDANTS' OBJECTION</u>

The Defense prefers its own Instruction; *see* Defense Proposed Instruction No. 4.  It more clearly sets out the two separate federal and state law claims, and which parties are potentially liable for each claim.

2

PLAINTIFF'S PROPOSED INSTRUCTION NO. 2

EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and for no other purpose.]

Ninth Circuit Model Instruction 1.8

3

PLAINTIFF'S INSTRUCTION NO. 2

EVIDENCE FOR LIMITED PURPOSE

<u>DEFENDANTS' OBJECTION</u>

The Defense does not object to the concept and can assist in drafting an appropriate instruction at the close of the evidence; the motions in limini are now ruled upon; some motions are reserved, so the instruction is premature at this juncture.

PLAINTIFF'S PROPOSED INSTRUCTION NO. 3

SECTION 1983 CLAIM —INTRODUCTORY INSTRUCTION


The plaintiff brings his claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.


Ninth Circuit Model Instruction 9.1,  *See* 42 U.S.C. § 1983.

PLAINTIFF'S INSTRUCTION NO. 3

SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION

<u>DEFENDANTS' OBJECTION</u>

The Defense does not object to this language, but merely combined Model Instructions 9.1 and 9.2 for ease of reference; *see* Defense Proposed Instruction No. 13.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4

SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL

CAPACITY—ELEMENTS AND BURDEN OF PROOF

In order to prevail on his § 1983 claim against the defendant, Detective John Lievero, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.  the defendant acted under color of law; and

2.  the acts of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that the defendant acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction No. ---, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

Ninth Circuit Model Instruction 9.2

7

PLAINTIFF'S INSTRUCTION NO. 4

SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY –
ELEMENTS AND BURDEN OF PROOF

<u>DEFENDANTS' OBJECTION</u>

The Defense does not object to this language, but merely combined Model Instructions 9.1 and 9.2 for ease of reference; *see* Defense Proposed Instruction No. 13.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5

9.22  PARTICULAR RIGHTS—FOURTH AMENDMENT EXCESSIVE

(DEADLY AND NONDEADLY) FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself or others.  Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officer used excessive force when he tased the plaintiff and forced him to the ground.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1. The severity of the crime or other circumstances to which the officer was responding;

2. Whether the plaintiff posed an immediate threat to the safety of the officer or to others;

3. Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5. The type and amount of force used;

6. The availability of alternative methods to take the plaintiff into custody or to subdue the plaintiff.

Ninth Circuit Model Instruction 9.22

PLAINTIFF'S INSTRUCTION NO. 5

9.22 PARTICULAR RIGHTS – FOURTH AMENDMENT EXCESSIVE
(DEADLY AND NONDEADLY) FORCE

DEFENDANTS' OBJECTION

The Defense objects to the parenthetical in the title of the instruction (Deadly and Nondeadly).  The mental state of the officer may become pertinent inasmuch as Plaintiff is arguing regarding John Lievero's lack of professionalism, and poor attitude with Plaintiff's family.  The Defense Proposed Instruction No. 14, added language from *Graham*, 490 U.S. 386, 397, as the last sentence of paragraph two (2).  The Defense followed the Model Instruction by referring to a particular circumstance in the Bonner case (numbered paragraph 7 proposed).  A similar instruction was recently provided in *Watson v. Zurcher, et al.*, USDC CV07-0374RAJ, last summer in a case involving Taser use.

PLAINTIFF'S PROPOSED INSTRUCTION NO. 6

ASSAULT AND BATTERY - WASHINGTON LAW

A battery is a harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff or a third person to suffer such a contact, or apprehension that such a contact is imminent.  An assault is any act of such a nature that causes apprehension of battery. Put another way, an assault occurs when there is an attempt to unlawfully use force or inflict bodily injury on another, accompanied by the present apparent ability to give effect to the attempt if not prevented.

To prevail on the claim of assault and battery, plaintiff must prove:

a) That the Defendant caused a harmful or offensive contact with Plaintiff; *or*

b) That the Defendant acted with intent to cause the apprehension of a harmful or offensive contact with Plaintiff; *and*

c) That the Defendant used more force than necessary to effect the arrest of Plaintiff.

If you find from your consideration of the evidence that these elements have been proven, your verdict should be for the Plaintiff on the claim of assault and battery under Washington law. On the other hand, if Plaintiff has not proven these elements, your verdict should be for the Defendant on this claim.

*McKinney v. City of Tukwila*, 103 Wn. App. 391, 408, 13 P.3d 631 (2000); *Guffey v. State*, 103 Wash.2d 144, 149, 690 P.2d 1163 (1984) (citations omitted); *Bonner v. City of Normandy Park, et al.*, Summary Judgment Order at 15.  RCW 10.31.050

11

PLAINTIFF'S INSTRUCTION NO. 6

ASSAULT AND BATTERY – WASHINGTON LAW

DEFENDANTS' OBJECTION

This instruction omits key language that Plaintiff must prove that the officer intentionally inflicted harmful contact on Kevin Bonner **without lawful authority**. *See* Defense Proposed Instruction No. 16, ¶ C. (A similar instruction was recently provided in *Watson v. Zurcher, et al.*, USDC CV07-0374RAJ, last summer in a case involving Taser use). Plaintiff's Proposed Instruction No. 6 also unduly emphasizes assault ("apprehension of battery") when under Plaintiff's theory of the case, the Taser actually caused offensive contact.

PLAINTIFF'S PROPOSED INSTRUCTION NO. 7

PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

13

1        In addition, you may consider the relationship of any award of punitive damages to any

2 actual harm inflicted on the plaintiff.

3        Punitive damages may not be awarded against the City of Normandy Park.  Punitive

4 damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

10 Ninth Circuit Model Instruction 5.5, modified to provide for preponderance of the evidence

11 standard.

PLAINTIFF'S INSTRUCTION NO. 7

## PUNITIVE DAMAGES

## DEFENDANTS' OBJECTION

This instruction is not tailored to refer to Defendant John Lievero only, which could confuse the jury.  The City is not subject to punitive damages.

1

PLAINTIFF'S INSTRUCTION No. 8

2

USE OF FORCE - OBJECTIVE FACTORS REQUIRED

3

A simple statement by an officer that he fears for his safety or the safety of others is not

4

enough to justify the use of force.  The officer must have objective factors to justify his concern.

5

An officer's use of force must be objectively reasonable based on his contemporaneous

6

knowledge of the facts.

7

8

9

10

11

*Deorle v. Rutherford,* 272 F.3d 1272, 1`281 (9th Cir. 2001);  *Winterrowd v. Nelson,* 480 F.3d

12

1181, 1185 (9th Cir. 2007).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S INSTRUCTION NO. 8

USE OF FORCE – OBJECTIVE FACTORS REQUIRED

<u>DEFENDANTS' OBJECTION</u>

As to the § 1983 claim, the Model Instructions already incorporate the common law. *See* Model Instruction No. 9.22.  LR 51(c) gives precedence to the Model Instruction on the federal claim.

In creating this proposed jury instruction, Plaintiff has isolated one factor (officer's fear for his safety) that may be considered in the appropriate totality of the circumstances analysis in which the jury is to engage pursuant to Defense Proposed Instruction No. 5.  The Plaintiff relies on *Deorle v. Rutherford*, 272 F.3d 1272 (9th Cir. 2001).  The *Deorle* court itself summarized the point of law it was articulating/emphasizing:

> In short, an officer's use of force must be objectively reasonable based on his contemporaneous knowledge of the facts.

*Deorle*, 272 F.3d at 1281.  The Model Instruction accurately captures that point.  No additional instruction is necessary.

Plaintiff argues that statements by an officer that he fears for his safety is "not enough to justify the use of force."  This instruction is unnecessary and confusing.  Model Instruction No. 9.22 calls for a totality of the circumstances analysis.  It is inherent that in such an analysis no single factor is outcome determinative.

While the officer's articulation that he feared for his safety is not outcome determinative, it is a circumstance known to the officer on the scene, which is to be considered in the totality of the circumstances analysis set forth in the Model Jury Instruction.

17

1

2

Furthermore, the Plaintiff cites to *Winterrowd v. Nelson*, 480 F.3d 1181 (9th Cir. 2007) to support this instruction.   That case is notably factually distinguishable.   The troopers in that case were claiming they feared for their safety based on *prior* experiences (emphasis added).   *Winterrowd*, 480 F.3d at 1185.   The court stated that such generalized concerns, standing alone cannot justify the use of force.   *Id*.   A parenthetical follows: "(A simple statement by an officer that he fears for his safety or the safety of others is not enough; there must be objective factors to justify such a concern)."   *Id*.   This does <u>not</u> mean that a jury is not to consider an officer's fear for his safety in the totality of the circumstances analysis.   This proposed instruction would mislead the jury.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1
2

PLAINTIFF'S INSTRUCTION No. 9

USE OF FORCE - ALLEGATION OF DOMESTIC VIOLENCE NOT ENOUGH

3
4
5

An allegation of domestic violence is not enough to warrant a conclusion that an individual is a dangerous criminal or that his or her offense was especially egregious.

6
7
8
9
10
11
12
13
14
15

*Smith v. City of Hemet,* 394 F.3d 689, 702-703 (9th Cir. 2005)(en banc)

16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S INSTRUCTION NO. 9

USE OF FORCE – ALLEGATION OF DOMESTIC VIOLENCE NOT ENOUGH

DEFENDANTS' OBJECTION

As to the § 1983 claim, the Model Instructions already incorporate the common law. Model Instruction No. 9.22.  LR 51(c) gives precedence to the Model Instruction on the federal claim.

This proposed jury instruction does not accurately set forth the language of the *Smith v. City of Hemet,* 394 F.3d 689 (9th Cir. 2005)(en banc).  The *Smith* court stated:

> Although we are mindful of the seriousness and reprehensibility of domestic abuse, the circumstances are not such in *this case* as to warrant that Smith was a particularly dangerous criminal or that his offense was especially egregious (emphasis added).

*Smith,* 394 F.3d at 702.

Not only does the proposed jury instruction differ from the court's actual language, the *Smith* court was making a fact specific statement that cannot be globally applied to claimed "excessive force" cases.

The Model Jury Instruction accurately states the severity of the crime *should* be considered in the totality of the circumstances analysis.   This proposed instruction is confusing and will mislead the jury.

1                                        PLAINTIFF'S INSTRUCTION No. 10

2                                USE OF FORCE - OFFENSIVE COMMENTS

3         The use of offensive comments toward a police officer does not justify the use of force.

4   The First Amendment to the United States Constitution protects a significant amount of verbal

5   criticism and challenge directed at police officers.

*Winterrowd v. Nelson*, 480 F.2d 1181 (9th Cir. 2007); *Houston v. Hill*, 482 U.S. 451, 461 (1987);
*Duran v. City of Douglas, Ariz.*, 904 F.2d 1372, 1378 (9th Cir. 1990)

21

PLAINTIFF'S INSTRUCTION NO. 10

USE OF FORCE – OFFENSIVE COMMENTS

<u>DEFENDANTS' OBJECTION</u>

As to the § 1983 claim, the Model Instructions already incorporate the common law. Model Instruction No. 9.22.  LR 51(c) gives precedence to the Model Instruction on the federal claim.

*Winterrowd v. Nelson* does not stand for the proposition cited in the proposed jury instruction.  The case does not hold that offensive comments are not to be considered in the jury's totality of the circumstances analysis.  The totality of the circumstances would include the arrestee's demeanor, words, gestures and actions. Thus, this proposed instruction will mislead/confuse the jury.

PLAINTIFF'S PROPOSED INSTRUCTION NO. 11

DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

The nature and extent of the injuries;

The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future; and

The reasonable value of necessary medical care, treatment, and services received to the present time;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Ninth Circuit Model Instruction 5.1

23

1          The Honorable Ricardo S. Martinez

2

3

4

5

6

7

8

9               IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF WASHINGTON
10

11   KEVIN BONNER,                    )
                                      )   NO.  C07-0962 RSM
12             Plaintiff,             )
                                      )   PLAINTIFF'S SPECIAL
13        v.                          )   VERDICT FORM
                                      )
14   NORMANDY PARK, a Municipal Corporation, )
     and DETECTIVE JOHN LIEVERO, in his )
15   individual capacity,             )
                                      )
16             Defendants.            )
                                      )
     ―――――――――――――――――――――――――――――――

17

18        We, the jury, answer the questions submitted by the court as follows:

19

20   No. 1.  Did the Defendant, Detective John Lievero, use excessive force in arresting the Plaintiff,

21   Kevin Bonner, on April 25, 2005 in violation of his Fourth Amendment constitutional right?

22

23   ANSWER: _____ (yes or no).

24

25   No. 2.  Did the Defendant, Detective John Lievero, assault the Plaintiff, Kevin Bonner, on April 25,

26   2005 in violation of Washington State law?

27

28

ANSWER: _____ (yes or no).

If your answer to both questions No. 1 and No. 2 is no, stop and answer to additional questions. If your answer to either questions No. 1 or No. 2 is yes, then answer the following question.

No. 3. What is the amount of compensatory damages that your award to Plaintiff?

ANSWER: $_____

No. 4. Was the conduct of Detective malicious, oppressive or in reckless disregard of the Plaintiff's rights?

ANSWER: _____

If your answer to question No. 1 is yes, then answer the following question.

No. 5. What is the amount of punitive damages, if any, that your award to Plaintiff?

ANSWER: $_____

Dated_____                    Presiding Juror _____

Special Verdict Form - 2

DEFENDANTS' JURY INSTRUCTION NO. 1

DUTY OF JURY

Ladies and gentlemen, you are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I say or do during the trial as indicating what I think of the evidence or what your verdict should be.

Ninth Circuit Model Civil Jury Instruction 1.1

26

4

DEFENDANTS' INSTRUCTION NO. 1.


PLAINTIFF'S OBJECTION


In support of this jury instruction, the Defendants cite Ninth Circuit Model Instruction 1.1.  Plaintiff has been unable to find this proposed instruction on the Court's website.

INTRODUCTORY INSTRUCTION NO. 2

This case arises out an incident that occurred on April 25, 2005, in Normandy Park Washington. Plaintiff Kevin Bonner was arrested at the Normandy Park Police Department ("NPPD") for the crime of Obstructing a Law Enforcement Officer. Plaintiff and his family were at the NPPD to meet with Officer John Lievero, and provide information regarding an on-going criminal investigation regarding Plaintiff's wife. The meeting was concluded by Officer Lievero shortly after it began, and Plaintiff alleges he decided to instead provide his information to the Chief of Police.

Plaintiff contends that Officer John Lievero violated Kevin Bonner's constitutional rights by subjecting him to excessive force during his arrest. Plaintiff also claims that Officer Lievero and the City of Normandy Park unlawfully subjected Kevin Bonner to assault and battery. Plaintiff alleges that as he tried to walk down the hall to the Police Chief's Office, he was attacked by Officer Lievero and another officer for no reason, and was Tased several times during the course of his arrest.

Defendants deny these claims and allege that the "touch stun" Taser was lawfully used to arrest Plaintiff is response to Plaintiff resisting arrest.

This lawsuit is brought by Plaintiff, and he is seeking money damages for his claims. Defendants deny they violated Kevin Bonner's constitutional rights, or subjected him to assault, and deny the extent of any damages Plaintiff claims.

OPTION A

28

DEFENDANTS' INSTRUCTION NO. 2.


PLAINTIFF'S OBJECTION


This introductory instruction is not a fair statement of the case.  Plaintiff objects to the following language: "The meeting was concluded by Officer Lievero shortly after it began, and Plaintiff alleges he decided to instead provide his information to the Chief of Police."  "Plaintiff alleges that as he tried to walk down the hall to the Police Chief's Office, he was attacked by Officer Lievero and another officer for no reason and was Tased several times during course of his arrest."  Plaintiff has offered instruction No. 1 which a fair statement of his claims.

INTRODUCTORY INSTRUCTION NO. 3

This case arises out an incident that occurred on April 25, 2005, in Normandy Park Washington. Plaintiff Kevin Bonner was arrested at the Normandy Park Police Department ("NPPD") for the crime of Obstructing a Law Enforcement Officer.

Plaintiff contends that Officer John Lievero violated Kevin Bonner's constitutional rights by subjecting him to excessive force during his arrest. Plaintiff also claims that the City of Normandy Park and Officer Lievero unlawfully subjected Kevin Bonner to assault and battery. Defendants deny these claims.

This lawsuit is brought by Plaintiff, and he is seeking money damages for his claims. Defendants deny they violated Kevin Bonner's constitutional rights, or subjected him to assault, and deny the extent of any damages Plaintiff claims.

OPTION B

30

DEFENDANTS' INSTRUCTION NO. 3.


PLAINTIFF'S OBJECTION


This introductory instruction is not a fair statement of the case. Plaintiff objects to the following language: "The meeting was concluded by Officer Lievero shortly after it began, and Plaintiff alleges he decided to instead provide his information to the Chief of Police." "Plaintiff alleges that as he tried to walk down the hall to the Police Chief's Office, he was attacked by Officer Lievero and another officer for no reason and was Tased several times during course of his arrest." Plaintiff has offered instruction No. 1 which a fair statement of his claims.

DEFENDANTS' JURY INSTRUCTION NO. 4

CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiffs have asserted two claims for relief against Defendants City of Normandy Park and Officer John Lievero.

(1)    The first claim is under the Fourth Amendment of the U.S. Constitution against individually named Defendant Officer Lievero.  Plaintiff alleges the Officer deprived Kevin Bonner of his constitutional Fourth Amendment right to be free from excessive force.

(2)    Plaintiff's second claim is against the City of Normandy Park and Officer Lievero.  Plaintiff alleges a state law claim for assault and battery.

The Plaintiff has the burden of proving these claims.

The Defendants deny these claims.

Ninth Circuit Model Civil Jury Instructions 1.2 (modified)

1

DEFENDANTS' INSTRUCTION NO. 4.

2

3

PLAINTIFF'S OBJECTION

4

5   In paragraph 1 of this instruction, the word "him" should replace "Kevin Bonner."  This is a

6   grammatical issue otherwise Plaintiff has no objection, but believes that Plaintiff's instruction

7   No. 1 adequately covers the subject of this instruction.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' JURY INSTRUCTION NO. 12

PROBABLE CAUSE-ESTABLISHED

You are instructed that the Defendants had probable cause to arrest the Plaintiff for his actions on April 25, 2005.

Summary Judgment Order dated 10/04/08 [Dkt. 63].

DEFENDANTS' INSTRUCTION NO. 12.


PLAINTIFF'S OBJECTION


Plaintiff concedes that the Court has ruled that the Defendants had probable cause to arrest him on April 25, 2005.  But the term "probable cause" is undefined and the jury will have no understanding of the legal consequences of an arrest with probable cause.

DEFENDANTS' JURY INSTRUCTION NO. 13

VIOLATION OF FEDERAL CIVIL RIGHTS—ELEMENTS
AND BURDEN OF PROOF

The Plaintiff brings his claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

In order to prevail on his §1983 claim against Individual Defendant Officer John Lievero, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

(1)     The acts or omissions of the Defendant were intentional;

(2)     The Defendant acted under color of law;

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that the Defendants acted under color of law.

(3)     The acts or omissions of the Defendant were the cause of the deprivation of Plaintiff's rights protected by the laws of the United States or Constitution as explained in Instruction No. 14.

If you find that each of the elements on which Plaintiff have the burden of proof has been proved under Instruction No. 14, your verdict should be for the Plaintiff.  If, on the other hand, the Plaintiff has failed to prove any one or more of these elements, your verdict should be for the Defendant.

Ninth Circuit Model Civil Jury Instructions 9.1, 9.2 (modified)
36

16

DEFENDANTS' INSTRUCTION NO. 13.


PLAINTIFF'S OBJECTION


The Defendants attempt incorporate Model Instructions Nos 9.1 and 9.2. But they add an additional element. The model instruction does not require proof that "the acts or omissions of the Defendant were intentional." Moreover, there is no dispute that the defendants acted intentionally. Neither model instruction addresses the issue of causation. Plaintiff's instruction No. 3 and 4 correctly covers these issues.

DEFENDANTS' JURY INSTRUCTION NO. 14

EXCESSIVE FORCE

The Plaintiff contents that Defendant John Lievero used excessive force in arresting him in violation of his Fourth Amendment rights.

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself or others. Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officer used excessive force to take the Plaintiff into custody.

Under the Fourth Amendment, a police officer may use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. The reasonableness of a particular use of force must be judged objectively from the information available at the time from the perspective of a reasonable officer on the scene without regard to their underlying intent or motivation.

In determining whether the defendant police officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1. The severity of the crime or other circumstances to which the officer was responding;

2. Whether the plaintiff posed an immediate threat to the safety of the officers or to others;

3. Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5. The type and amount of force used;

6. The availability of alternative methods to take the plaintiff into custody;

7. The nature and circumstances of the crime the officer was investigating.

Ninth Circuit Model Civil Jury Instruction (2007) 9.22 (modified)

38

17

DEFENDANTS' INSTRUCTION NO. 14.


PLAINTIFF'S OBJECTION


The Defendants cite Model Instruction No. 9.22 in support of their excessive force instruction.
As a seventh consideration, the defendant includes "The nature and circumstances of the crime
the officer was investigating."  Plaintiff has filed a motion in limine to exclude the nature of the
crime that the Defendant was investigating.

39

DEFENDANTS' JURY INSTRUCTION NO. 16

STATE LAW ASSAULT AND BATTERY-ELEMENTS

The Plaintiff brings a claim for the torts of assault and battery against Defendants City of Normandy Park and John Lievero.  To prevail on these claims against a particular Defendant, the Plaintiff must prove:

a) The defendant acted with the intent to cause a harmful or offensive contact with the plaintiff or an imminent apprehension of such a contact;

b) The plaintiff was thereby put in such imminent apprehension of such contact or there was such a contact; and

c) The defendant's intentional conduct was not authorized under state law or exceeded the officer's authority under state law.

If you find form your consideration of all the evidence that each of these propositions has been proved, your verdict should be for the plaintiff.  On the other hand, if any of these propositions has not been proved, your verdict should be for the defendants.

*Restatement 2nd of Torts*, §21.
*Orwick v. Cox*, 65 Wn.App 71 (1992); *McKinney v. City of Tukwila*, 103 Wn.App 391, 408 (2000).

40

19

DEFENDANTS' INSTRUCTION NO. 16.

PLAINTIFF'S OBJECTION


The Defendants' element instruction on the issue of Plaintiff's state common law claims does not accurately state the law and is poorly worded. Paragraph C of the instruction requires Plaintiff to prove that "the Defendant's intentional conduct was not authorized under state law or exceeded the officers authority under state law." But these terms are not defined in this instruction and are incorrectly defined in subsequent instructions.

The following sentence should be substituted for paragraph C of the proposed instruction: "That the Defendant used more force than necessary to effect the arrest of Plaintiff." This sentence accurately states the permissible use of force by an officer. Plaintiff Instruction No. 6 accurately includes this standard as an elements of this claim.

DEFENDANTS' JURY INSTRUCTION NO. 17

LAWFUL USE OF FORCE

Under Washington law, a law enforcement officer is lawfully entitled to restrain an individual during an investigative detention or arrest by use of physical force, threat of force, or conduct implying force will be used.

The use, attempt or offer to use force upon or toward the person of another shall not be unlawful, whenever necessarily used by a police officer in the performance of a legal duty, or a person assisting him and acting under his direction.

If after notice of the intention to arrest a person that person either flees or forcibly resists, the officer may use all necessary force to effect the arrest.

OPTION A

*McKinney v. Tukwila*, 103 Wn. App. 391, 407-409 (2000);
*State v. Solis,* 38 Wn. App. 484, 486, 685 P.2d 672 (1984);
RCW 9A.16.020; RCW 10.31.050

20                                        42

DEFENDANTS' INSTRUCTION NO. 17.

PLAINTIFF'S OBJECTION

The Defendants cite two cases and two statutes in support for this instruction. But this authority does not support the instruction. In *McKinney v. City of Tukwila*,103 Wn.App. 391, 13 P.3d 631 (2000), the Court ruled that police officers acted reasonably in carrying out an investigatory stop and thus affirmed summary judgment to all defendants on the Appellants' claims of (1) a violation of 42 U.S.C. § 1983;  (2) false arrest;  (3) assault and battery;  (4) defamation;  and (5) violation of Washington's Law Against Discrimination. *Id*. at 395.

In reference to the claims of assault and battery, the court ruled "[h]aving found above that the officers' use of force was reasonable, we find that they are entitled to state law qualified immunity for the assault and battery claims.  Citation omitted.  Furthermore, because we found that the officers' use of force was reasonable, the assault and battery claims against the Respondents fail because the touching was lawful." *Id*. at 408-409.  The Court in *McKinny* does not address a law enforcement officer's lawful use of force during a detention.

In *State v. Solis*, 38 Wn.App. 484, 685 P.2d 672 (1984), the Court ruled that "(1) defendant, who was arrested for a parole violation and ran away, was being detained pursuant to a conviction of a felony for purposes of escape statute, and (2) officer's action in grabbing defendant's arm, so that he was restrained and within her custody, together with fact that he was informed of arrest warrant, were sufficient to effectuate an arrest, and thus, when defendant broke away and ran, he was escaping from custody as that phrase was used in escape statute." *Id*. at 484.  The Court further held that "[a] parole officer has statutory authority to cause the arrest, detention and suspension of the parole of a parolee" and that the Defendant's contention that he did not escape from custody was without merit.  *Id*. at 486.  The Court does not address the authority of an officer to use force for the purpose of a detention.

RCW 9A.16.020 is the statute which provides for self-defense to a criminal charge.  This statute has no applicability to the facts of this case.

Although the Defendants' proffered instruction states that an officer may use physical force for the purpose of an arrest.  It places no limits on the force lawfully used.  An officer may use only that force which necessary to effect the arrest. RCW 10.31.050.  Plaintiff has no objection to the last paragraph of this instruction, which is included in Plaintiff's instruction No. 6 concerning the elements of assault and battery.

1

DEFENDANTS' JURY INSTRUCTION NO. 18

2

LAWFUL USE OF FORCE

3

Under Washington law, a law enforcement officer is lawfully entitled to restrain an

4

individual during an investigative detention or arrest by use of physical force, threat of
force, or conduct implying force will be used.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

OPTION B

22

23

*McKinney v. Tukwila*, 103 Wn. App. 391; 407-409 (2000);
*State v. Solis,* 38 Wn. App. 484, 486, 685 P.2d 672 (1984);

24

RCW 9A.16.020

21

1

DEFENDANTS' INSTRUCTION NO. 18.

2

PLAINTIFF'S OBJECTION

3

The Defendants cite two cases and two statutes in support for this instruction. But this authority does not support the instruction. In McKinney v. City of Tukwila, 103 Wn.App. 391,

4

13 P.3d 631 (2000), the Court ruled that police officers acted reasonably in carrying out an investigatory stop and thus affirmed summary judgment to all defendants on the Appellants'

5

claims of (1) a violation of 42 U.S.C. § 1983; (2) false arrest; (3) assault and battery; (4) defamation; and (5) violation of Washington's Law Against Discrimination. Id. at 395.

6

7

In reference to the claims of assault and battery, the court ruled "[h]aving found above that the officers' use of force was reasonable, we find that they are entitled to state law qualified immunity for the assault and battery claims. Citation omitted. Furthermore, because we found

8

that the officers' use of force was reasonable, the assault and battery claims against the Respondents fail because the touching was lawful." Id. at 408-409. The Court in McKinny does

9

not address a law enforcement officer's lawful use of force during a detention.

10

In State v. Solis, 38 Wn.App. 484, 685 P.2d 672 (1984), the Court ruled that "(1) defendant, who was arrested for a parole violation and ran away, was being detained pursuant to

11

a conviction of a felony for purposes of escape statute, and (2) officer's action in grabbing defendant's arm, so that he was restrained and within her custody, together with fact that he was

12

informed of arrest warrant, were sufficient to effectuate an arrest, and thus, when defendant broke away and ran, he was escaping from custody as that phrase was used in escape statute." Id.

13

at 484. The Court further held that "[a] parole officer has statutory authority to cause the arrest, detention and suspension of the parole of a parolee" and that the Defendant's contention that he

14

did not escape from custody was without merit. Id. at 486. The Court does not address the authority of an officer to use force for the purpose of a detention.

15

RCW 9A.16.020 is the statute which provides for self-defense to a criminal charge. This

16

statute has no applicability to the facts of this case.

17

Although the Defendants' proffered instruction states that an officer may use physical force for the purpose of an arrest. It places no limits on the force lawfully used. An officer may

18

use only that force which necessary to effect the arrest. RCW 10.31.050. This instruction fails to state that an officer is not lawfully entitled to use more force than is necessary to effect an

19

arrest.

20

21

22

23

24

25

26

27

28

DEFENDANTS' JURY INSTRUCTION NO. 19

USE OF FORCE-WHEN LAWFUL

You are instructed that at all times material to this incident the following statutes were in full force and effect in the State of Washington:

RCW 9A.16.020.  Use of force-When Lawful

The use, attempt, or offer to use force upon or toward the person of another shall not be unlawful in the following cases:

1.  Whenever necessarily used by a public officer in the performance of a legal duty, or a person assisting him and acting under his direction;

2.  Whenever necessarily used by a person arresting one who has committed a felony and delivering him or her to a public officer competent to receive him or her in custody;

3.  Whenever used by a party about to be injured, or by another lawfully aiding him or her, in preventing or attempting to prevent an offense against his or her person, or a malicious trespass, or other malicious interference with real or personal property lawfully in his or her possession, in case the force is not more than is necessary:

RCW 10.31.050.      Officer may use force.

If after notice of the intention to arrest a person that person either flees or forcibly resists, the officer may use all necessary force to effect the arrest.

RCW 9A.16.020; RCW 10.31.050

46

DEFENDANTS' INSTRUCTION NO. 19.

PLAINTIFF'S OBJECTION

RCW 9A.16.020 is the statute which provides for self-defense to a criminal charge.  This statute has no applicability to the facts of this case.

The first section of this instruction states that force may be used "whenever necessarily used by a police officer. . . ."  It does not however instruct the jury that an officer can only use force necessary to effect the arrest.  The second paragraph addresses the use of lawful force when arresting a person for a felony.  It is not disputed that there was no probable cause to believe that Plaintiff had committed a felony.  Paragraph three address the use of force "by a party about to be injured."  This is no evidence that any police officer was about to injured.

The last sentence of this instruction quotes accurately from RCW 10.31.050.  Plaintiff has no objection to the use of the last sentence of this instruction.

DEFENDANTS' JURY INSTRUCTION NO. 20

DUTY OF OFFICER TO ENFORCE LAWS AND ORDINANCES

A police officer has the duty to enforce all laws and ordinances within his jurisdiction, and to take reasonable corrective action to prevent or stop a violation where he or she has actual knowledge of a violation.

RCW 10.93.070; *Bailey v. Forks*, 737 P.2d 1257 (1987)

48

23

1          DEFENDANTS' INSTRUCTION NO. 20.

2              PLAINTIFF'S OBJECTION

3          The Defendant offers an instruction to the effect that a police officer has a duty to enforce
all laws within his jurisdiction, and to take corrective action to prevent or stop a violation where
4    he or she has actual knowledge.  In support of this proffered instruction, the Defendants cite
RCW 10.93.070.  But this statute says nothing of the kind and does not remotely support the
5    instruction.  RCW 10.93.070 states that an officer *may* "enforce the traffic or criminal laws of
this state throughout the territorial bounds of this state, under the following enumerated
6    circumstances:  (1) Upon the prior written consent of the sheriff or chief of police in whose
primary territorial jurisdiction the exercise of the powers occurs; (2) In response to an emergency
7    involving an immediate threat to human life or property; (3) In response to a request for
assistance pursuant to a mutual law enforcement assistance agreement with the agency of primary
8    territorial jurisdiction or in response to the request of a peace officer with enforcement authority;
(4) When the officer is transporting a prisoner; (5) When the officer is executing an arrest
9    warrant or search warrant; or (6) When the officer is in fresh pursuit, as defined in RCW
10.93.120.  None of those enumerated circumstances apply to this case.

10

11         The Defendants also cites *Bailey v. Town of Forks*, 108 Wn.2d 262, 737 P.2d 1257
(1987).  The Court in *Bailey* addressed the scope of the public duty doctrine, which has no
12   applicability to the facts of this case.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## DEFENDANTS' JURY INSTRUCTION NO. 21

## RIGHT TO RESIST ARREST

3

4

A citizen is not entitled to use force to prevent even an unlawful arrest which threatens only a loss of freedom.  A citizen has the right to resist an unlawful arrest only if he actually, as opposed to apparently, faces imminent danger of serious injury or death.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

*State v. Bradley,* 141 Wn.2d 731, 10 P.2d 358 (2000)
*State v. Valentine,* 132 Wn.2d 1, 20-21, 935 P.2d 1294 (1997)
*Bergstralh v. Lowe,* 504 F.2d 1276 (9th Cir. 1974)
*See also, U.S. v. Span,* 970 F.2d 573, 580 (9th Cir. 1992).

50

24

1

DEFENDANTS' INSTRUCTION NO. 21

2

PLAINTIFF'S OBJECTION

3

     The Defendants offer an instruction to the effect that a citizen does not have a right to use

4

force to prevent an unlawful arrest which only threatens the loss of freedom.  While this is a
correct statement of the law, the court has already ruled that Plaintiff's arrest was lawful.  This
instruction therefore has no applicability to this case.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' JURY INSTRUCTION NO. 22

DAMAGES – PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party a verdict should be rendered.

If you find for the plaintiff on his claims for excessive force or assault and battery, you must determine plaintiff's damages for those claims. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused to Kevin Bonner by Defendants.

In determining the measure of damages, you should consider the following:

1.   The nature and extent of the injury;
2.   The disability or loss of enjoyment of life experienced;
3.   The mental, physical and/or emotional pain and suffering experienced; and
4.   The reasonable value of necessary medical care, treatments, and services received at the present time.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guess work, or conjecture.

Ninth Circuit Model Jury Instructions (2007) 5.1, 5.2 (modified).

DEFENDANTS' INSTRUCTION NO. 22.

PLAINTIFF'S OBJECTION

The Defendants cite model instructions 5.1 and 5.2 in support of this instruction. But model instruction 5.2 includes the following language. "The mental, physical, emotional pain and suffering experienced *and which with reasonable probability will be experienced in the future*." The italicized language is not included in the Defendants' proposed instruction. Plaintiff has offered an instruction which accurately reflects the language of the model instruction.

1

2

### DEFENDANTS' JURY INSTRUCTION NO. 23
### PUNITIVE DAMAGES – DEFENDANTS' NET WORTH

3

     If you decide to award punitive damages to Plaintiff, the Defendant Officer Lievero's net worth is an important factor to consider in determining the amount of punitive damages to award.

4

5

     Punitive damages may not be awarded against the City of Normandy Park.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Ninth Circuit Model Civil Jury Instruction 5.5 (modified); *Woods-Drake v. Lundy*, 667 F.2d 1198, 1203 (C.A. Miss. 1982); *Fountila v. Carter*, 571 F.2d 487 (C.A. Cal. 1978).

24

DEFENDANTS' INSTRUCTION NO. 23

PLAINTIFF'S OBJECTION


In support of their "net worth" instruction, the Defendants cite Ninth Circuit Model Instruction No 5.5. But that model instruction says nothing about net worth. The model instruction is sufficient. Plaintiff has listed Officer Lievero's IRS W-2 forms as an exhibit. The Defendant can argue its theory of the case without this instruction.

DEFENDANTS' JURY INSTRUCTION NO. 23(a)
PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages against Officer John Lievero.  The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant John Lieivero's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's right under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.  You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Punitive damages may not be awarded against the City of Normandy Park.  Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

Ninth Circuit Model Civil Jury Instruction 5.5 (modified); *Woods-Drake v. Lundy*, 667 F.2d 1198, 1203 (C.A. Miss. 1982); *Fountila v. Carter*, 571 F.2d 487 (C.A. Cal. 1978).

28

1

DEFENDANTS' INSTRUCTION NO. 23a

2

PLAINTIFF'S OBJECTION

3

4        The Defendants cite Ninth Circuit Model Instruction No. 5.5, modified to provide for
preponderance of the evidence standard.  But the Defendants do not reproduce the accurate
5   model instruction.  The model instruction in paragraph 4 states in part: "In considering the
amount of any punitive damages, consider the degree of reprehensibility of the defendant's
6   conduct, *including whether the conduct that harmed the plaintiff was particularly reprehensible
because it also caused actual harm or posed a substantial risk of harm to people who are not
7   parties to this case.*"  The italicized portion of the above quotation is not included in the
Defendants' proposed instruction.  Plaintiff's proposed Instruction No. 7 is an accurate copy of
8   the Model Instruction.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   This Joint Statement of Disputed Instructions submitted this 30th day of October, 2008.

2

3

4

5   Jeffrey Needle, WSBA #6346
6   Attorney for Plaintiffs

7

8

9   Benda Bannon, WSBA #17962
10  Attorney for Defendants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28