1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

KEVIN BONNER,

11                 Plaintiff,                    CASE NO. C07-962RSM

12         v.
                                                COURT'S INSTRUCTIONS
13   NORMANDY PARK and JOHN LIEVERO,            TO THE JURY

14                 Defendants.

15

16   DATED this ___10th___ day of November, 2008.

17

18

19                              RICARDO S. MARTINEZ

20                              United States District Judge

21

22

23

24

25

26

27   07-CV-00962-AF

28

END OF CASE INSTRUCTIONS __1__

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

END OF CASE INSTRUCTIONS  2

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

END OF CASE INSTRUCTIONS  _3_

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

END OF CASE INSTRUCTIONS __4__

All parties are equal before the law and a municipal corporation is entitled to the same fair and conscientious consideration by you as any party.

END OF CASE INSTRUCTIONS _5_

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

## END OF CASE INSTRUCTIONS  6

In reaching your verdict you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the question, the objection, or the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

END OF CASE INSTRUCTIONS ___7___

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

END OF CASE INSTRUCTIONS __8__

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

END OF CASE INSTRUCTIONS  9

Some witnesses, because of education and experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

END OF CASE INSTRUCTIONS   10

The plaintiff brings one of his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

END OF CASE INSTRUCTIONS  11

In order to prevail on his § 1983 claim against the defendant John Lievero, the plaintiff must prove each of the following elements by a preponderance of the evidence:

(1)     the defendant acted under color of law; and

(2)     the acts of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person "acts under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendant acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction 13, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

END OF CASE INSTRUCTIONS   12

In order to establish that the acts of the defendant John Lievero deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions, the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

END OF CASE INSTRUCTIONS  13

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself or others.  Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officer used excessive force when he tased the plaintiff.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1)     The severity of the crime or other circumstances to which the officer was responding;

(2)     Whether the plaintiff posed an immediate threat to the safety of the officer or to others;

(3)     Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

(4)     The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

(5)     The type and amount of force used; and

(6)     The availability of alternative methods to take the plaintiff into custody or to subdue the plaintiff.

END OF CASE INSTRUCTIONS  14

The Court has previously determined that plaintiff's arrest on April 25, 2005 was lawful.

END OF CASE INSTRUCTIONS   15

The plaintiff brings a claim for assault and battery against defendant John Lievero and the City of Normandy Park.  To prevail on these claims, plaintiff must prove:

    (a)     the defendant acted with the intent to cause a harmful or offensive contact with the plaintiff or an imminent apprehension of such a contact;

    (b)     the plaintiff was thereby put in such imminent apprehension of such contact or there was such a contact; and

    (c)     the defendant's intentional conduct was not authorized under state law or exceeded the officer's authority under state law.

If you find from your consideration of all the evidence that each of these propositions has been provided, your verdict should be for the plaintiff.  On the other hand, if any of these propositions have not been proved, your verdict should be for the defendants.

END OF CASE INSTRUCTIONS  16

The Defendants are sued as principal and agent under Washington State Law.  The defendant, City of Normandy Park is the principal and the defendant, John Lievero, is the agent. If you find the defendant, John Lievero, is liable for assault and battery, then you must find that the defendant, City of Normandy Park, is also liable.  However, if you do not find that Detective John Lievero is liable, then the City of Normandy Park is not liable.

END OF CASE INSTRUCTIONS  17

The term "proximate cause" means a cause which in a direct sequence unbroken by any new independent cause, produces the injury complained of and without which said injury would not have happened.

There may be one or more proximate causes of injury.

END OF CASE INSTRUCTIONS __18__

You are instructed that at all times material to this incident, the following statutes were in full force and effect in the state of Washington:

**RCW 9A.16.020.  Use of force - When lawful**

The use, attempt, or offer to use force upon or toward the person of another is not unlawful in the following case:

(1)    Whenever necessarily used by a public officer in the performance of a legal duty, or a person assisting the officer and acting under the officer's direction.

**RCW 10.31.050.  Officer may use force**

If after notice of the intention to arrest the defendant, he either flees or forcibly resists, the officer may use all necessary force to effect the arrest.

END OF CASE INSTRUCTIONS __19__

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

(1)    the nature and extent of the injuries;

(2)    the disability or loss of enjoyment of life experienced;

(3)    the mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future; and

(4)    the reasonable value of necessary medical care, treatment, and services received to the present time.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guess work or conjecture.

END OF CASE INSTRUCTIONS  20

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate a plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence.  You may award punitive damages only if you find that the defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the person who performs it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power by the taking advantage of some weakness or disability of misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on plaintiff.

Punitive damages may not be awarded against the City of Normandy Park.  Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

END OF CASE INSTRUCTIONS  _21_

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether for plaintiff or for defendant, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

END OF CASE INSTRUCTIONS  _22_

      Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

END OF CASE INSTRUCTIONS   _23_

      A verdict form has been prepared for you.  After you have reached unanimous agreement on the verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

END OF CASE INSTRUCTIONS   24

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.