The Honorable Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN BONNER, | ) |
| | ) NO.  C07-0962 RSM |
| Plaintiff, | ) |
| | ) PLAINTIFF'S MOTION FOR |
| v. | ) FEES AND EXPENSES |
| | ) |
| NORMANDY PARK, a Municipal Corporation, | ) |
| and DETECTIVE JOHN LIEVERO, in his | ) |
| individual capacity, | ) Note for Motion: |
| | ) December 12, 2008 |
| Defendants. | ) |

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington  98104
(206) 447-1560 fax (206) 447-1523

TABLE OF CONTENTS

I. Introduction ................................................................. 1

II. Statement of Facts ......................................................... 1

III. Argument of Counsel ....................................................... 3

    A. Attorney Fees Need Not Be Proportional to Damages ................... 4

    B. Calculation of the Lodestar Amount .................................. 6

    C. Paralegal Services Recoverable at Market Rates ...................... 7

    D. Current Hourly Rates ................................................ 7

    E. Number of Hours Expended ............................................ 9

    F. Successful and Unsuccessful Claims .................................. 9

    G. Costs and Expenses ................................................. 11

    H. Fees on Fees ....................................................... 12

    I. Summary of Fees and Expenses ....................................... 12

IV. Conclusion ................................................................ 12

JEFFREY L. NEEDLE  
Attorney at Law  
200 Maynard Building  
119 First Avenue South  
Seattle, Washington 98104  
(206) 447-1560 fax (206) 447-1523

## I. Introduction

Plaintiff filed suit against the named defendants alleging that he was arrested without probable cause and subjected to excessive force during his arrest on April 25, 2005, on the premises of the Normandy Park Police Department. Plaintiff claimed a violation of 42 U.S.C. Section 1983 and common law claims of assault and battery. The Court dismissed on summary judgment Plaintiff's claims that he was arrested without probable cause under both state and federal law. Plaintiff's remaining claims of excessive force under federal law and assault and battery under state law were tried to a jury.

On November 13, 2008, the jury returned a verdict in favor of Plaintiff on the claim of excessive force in violation of 42 U.S.C. Section 1983, and against Plaintiff on the state common law claim of assault and battery. The jury awarded $35,000 in compensatory damages and $25,000 in punitive damages.

Pursuant to 42 U.S.C. Section 1988, Plaintiff now seeks reasonable attorney fees in the amount of $169,930 and related expenses in the amount of $7,201.08.[1]

## II. Statement of Facts

All of Plaintiff's claims arose out of a common core of facts based upon related legal theories which arose during April 25, 2005, at the premises of the Normandy Park Police Department during a period of approximately 20 minutes.

On April 25, 2005, at approximately 1:30 p.m., Plaintiff arrived at the Normandy Park Police Department by appointment to deliver documents to Detective Lievero concerning criminal allegations

---

[1] Plaintiff anticipates the possibility that the Defendant will bring a post trial motion under Fed.R.Civ.Pro 50. In the event that Plaintiff is require to respond to such a motion and/or file a reply brief to this motion, Plaintiff will file a Supplemental Fee Declaration seeking additional attorney fees for the time required to respond.

Plaintiff's Motion for Attorney Fees And Expenses - 1
Bonner v. City of Normandy Park, No. C07-0962 RSM

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

that his wife, Nancy, had abused their grandchild. Plaintiff's wife, Nancy Bonner, his daughter, Karis Miles, and his granddaughter, Reagan, age 3, accompanied him. Karis brought various exculpatory documents, including letters from Child Protective Services, contained in an folder.

Mr. Bonner and his family were admitted into the police department. All members of the Bonner family were escorted back to an interview room with Detective Lievero. What occurred in the interview is generally in dispute. But it is not disputed that Plaintiff became frustrated by what he perceived to be Detective Lievero's lack of cooperation and lack of knowledge about the case. Detective Lievero then ended the meeting.

Plaintiff had been in the Normandy Park police department before and knew the location of Chief Kieffer's office. He reasoned that if Detective Lievero refused to take information relevant to the investigation, he would present it to the Chief of Police, especially since he had discussed with the Chief that purpose previously. Plaintiff left the interview room, but instead of turning left toward the reception area, he turned right, and with a cup of coffee in his hand began walking toward the Chief of Police's office. The Chief's office is approximately 16-18 feet from the interview room. There is an exit sign in immediate proximity to the Chief's office.

After Plaintiff began walking to the Chief's office, Detective Lievero followed and said "you can't leave that way." Plaintiff responded while walking that he was not intending to leave, but wanted to speak with the Chief. By the time Detective Lievero had finished making this statement, Plaintiff had already arrived at Chief Kieffer's door and had stopped walking. Nancy Bonner, Karis Miles and her child followed Kevin Bonner and Detective Lievero down the hallway.

When Bonner arrived at the Chief's office, the Chief was standing in the doorway. Detective Lievero arrived at the Chief's door immediately after Bonner. Without any explanation, further

Plaintiff's Motion for Attorney Fees And Expenses - 2
Bonner v. City of Normandy Park, No. C07-0962 RSM

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

instructions or opportunity to return to reception, Lievero grabbed his left wrist and arm, forcing his arm behind his back. Immediately thereafter another non-uniformed officer appeared (Officer Melewski). Officer Melewski took Plaintiff's left arm from Lievero, and Lievero took his right arm, and they began to walk him down the hall to reception. Officer Melewski testified that at all times he had Plaintiff "under control."

As Plaintiff was being "escorted" out of the police station he was tased at least three times by Detective Lievero. It is undisputed that Plaintiff was first tased on the back of his neck while he was standing, and after being tased the first time he then went down to his knees. According to Lievero, Plaintiff was tased a second time in order to handcuff Plaintiff, but only after Bonner was on his stomach with Melewski on one side and Lievero on the other. Officer Melewski, however, testified that it was not necessary to tase Plaintiff in order to get his hands behind his back to be handcuffed.

Plaintiff and his daughter and wife insist that he was also tased on his abdomen while he was on his knees. Lieviero testified that he did not tase Plaintiff on his abdomen, although photos taken by Plaintiff's wife and medical records from the same and following day reveal a taser signature on Plaintiff's abdomen.

Plaintiff was thereafter taken to a booking room where he was photographed, treated by medics and released. All charges against Plaintiff were eventually dismissed.

### III. Argument of Counsel

Generally, reasonable attorney fees are available to the prevailing plaintiff in civil rights litigation. 42 U.S.C. §1988. A civil rights plaintiff "prevails" for purposes of Sec. 1988 when "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*,

Plaintiff's Motion for Attorney Fees And Expenses - 3
Bonner v. City of Normandy Park, No. C07-0962 RSM

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

U.S. 103, 111-112 (1992). Under Section 1988 "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). *See also Mendez v. County of San Bernardino*, 2008 WL 3916285, at *9 (9th Cir. 2008)("Therefore, 'a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust'"). In this case, Plaintiff did not ask the jury for any specific amount of damages. The jury awarded $60,000. There can be no doubt that Plaintiff is the prevailing party within the meaning of Section 1988 and entitled to reasonable attorney fees.

## A. Attorney Fees Need Not Be Proportional to Damages.

The United States Supreme Court has rejected the notion that attorney's fees in civil rights cases should be proportionate to the amount of damages a plaintiff recovers. *Fair Housing of Marin v. Combs,* 285 F.3d 899, 908 (9th Cir. 2002)(upholding attorney fees more than five times the compensatory and punitive damages awarded)( citing *City of Riverside v. Rivera*, 477 U.S. 561, 577, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986)).

In *City of Riverside* the Court acknowledged that Section 1988 was enacted to encourage private attorney generals, and that Congress did not intend the recovery of fees to depend upon substantial monetary damages. This statute was enacted "specifically to enable plaintiffs to enforce the civil rights laws even where the amount of damages at stake would not otherwise make it feasible for them to do so." 477 U.S. at 577. (citing legislative history). The inability to vindicate constitutional rights due to a lack of resources damages the entire nation and not just the individual citizen.

> *Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief.* Rather, Congress made clear that it intended that the amount of fees awarded under [§ 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as

Plaintiff's Motion for Attorney Fees And Expenses - 4
Bonner v. City of Normandy Park, No. C07-0962 RSM

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

antitrust cases, and not be reduced because the rights involved may be nonpecuniary in nature. Senate Report at 6 (emphasis added).

*City of Riverside,* at 575 (emphasis added). "Regardless of the form of relief he actually obtains, a successful civil rights plaintiff often secures important social benefits that are not reflected in nominal or relatively small damages awards." *Id.* at 574. In this case, Plaintiff's damages were neither nominal or small.

From the beginning of this litigation Plaintiff's counsel recognized that the likely damages would probably be significantly less than the likely attorney fees. Accordingly, on December 19, 2007, Plaintiff's counsel wrote to defense counsel in an effort to achieve an early settlement and explained as follows:

> It may be that no settlement of this case is possible. But if a settlement is possible it would appear self-evident that the probability of settlement is diminished the longer the case is litigated. At some point in the very near future, attorney fees will be the primary element of recovery. Given the nature of Plaintiff's damages, the attorney fees generated by substantial litigation will exceed Plaintiff's potential recovery and will make settlement impossible.

Exhibit A. Plaintiff received no response to this settlement offer. Instead, additional depositions, contested discovery motions, retention of expert witnesses, and a motion for summary judgment multiplied the attorney fees and costs. On September 18, 2008, the case was mediated for a half day with Cliff Freed. As predicted, attorney fees made settlement impossible.[2]

---

[2] Federal Rule of Evidence 408 provides:

(a) Prohibited uses--Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, of amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction: (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative,

Plaintiff's Motion for Attorney Fees And Expenses - 5
Bonner v. City of Normandy Park, No. C07-0962 RSM

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

## B. Calculation of the Lodestar Amount.

Once the entitlement to fees is established, the Court needs to determine the amount of fees to be awarded. Generally, in determining the amount to be awarded, the reasonable hours expended times a reasonable hourly rate is the most useful starting point. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[3]

In making a determination of reasonable attorney fees, federal courts have ruled that certain factors must be taken into account. The Ninth Circuit has ruled that the District Court must apply the factors enumerated by the 5th Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).[4] These factors need

---

or enforcement authority.

(b) Permitted uses--This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

"The 'other purpose' need not be specifically mentioned; those mentioned by Rule 408 are not an 'exhaustive' list, 'but [are instead] only illustrative.'" *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1166 (9th Cir. 2007).

In this case, Plaintiff does not offer the settlement offer for any use prohibited by Rule 408(a). Plaintiff offers the letter to show that Plaintiff offered to settle the case early in recognition that attorney fees would probably become greater than anticipated damages. The evidence negates any contention that Plaintiff was guilty of undue delay in attempting to limit the amount of Plaintiff's attorney fees. Fed.R.Ev. 408(b).

[3] *See also McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995)("In determining a reasonable attorney's fee, the district court's first step is to calculate a 'lodestar' by multiplying the number of hours it finds the prevailing party reasonably expended on the litigation by a reasonable hourly rate"); *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir.1994) ("Calculating the lodestar figure is the starting point for determining a reasonable fee").

[4] Factors to be considered are (1) the time and labor required (2) the novelty and difficulty of the questions, (3 the skill required to perform the legal services properly, (4 the preclusion of other employment by the attorney due to the acceptance of the case, (5 the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client under the circumstances, (8) the amount involved and the results obtained, (9) experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases, and (11) the complexity and importance of the case in its posture on appeal. *Kerr*, 526 F.2d at 70.

Plaintiff's Motion for Attorney Fees And Expenses - 6
Bonner v. City of Normandy Park, No. C07-0962 RSM

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

not be discussed specifically. It is sufficient that the record show that the court considered the factors called into question by the case at hand and necessary to support the reasonableness of the award. *Rivera, supra*, at 796-797.[5]

**C. Paralegal Services Recoverable at Market Rates.**

A prevailing Plaintiff may recover for the market rate paid to paralegals.[6] In this case, the utilization of para legal services significantly diminished the amount of attorney time otherwise billable.

**D. Current Hourly Rates.**

Where a Plaintiff in a civil rights case prevails, attorneys are to be paid at current rates as opposed to historic rates in order to compensate for the delay in payment. Clearly, compensation received several years after the services were rendered is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed. *See Gates v. Deukmejian*, 987 F.2d 1392, 1406 (9th Cir. 1992)("Thus, the Court held that an adjustment for delay in payment is an appropriate factor in determining what constitutes a reasonable attorneys' fee under Sec. 1988 and 'that an appropriate adjustment for delay in payment-whether by application of current rather that historic rates or otherwise--is within contemplation of the statute'")(Quoting *Missouri v. Jenkins ex rel. Agyei*,

---

[5] *See also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)("When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible"); *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986)("it remains important for the district court to provide 'a concise but clear explanation of its reasons for the fee award'").

[6] *See Missouri et al. v. Jenkins*, 491 U.S. 274, 289, 109 S. Ct. 2463 (1989)("By encouraging the use of lower cost para legals rather than attorneys wherever possible, permitting market-rate billing of paralegal hours 'encourages cost-effective delivery of legal services and, by reducing the spiraling cost of civil rights litigation, furthers the policies underlying civil rights statutes'"); *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1387 (9th Cir. 1990) ("The Supreme Court has recently stated that a reasonable attorney's fee includes the work of attorneys and support staff, such as paralegals 'whose labor contributes to the work product'").

Plaintiff's Motion for Attorney Fees And Expenses - 7
Bonner v. City of Normandy Park, No. C07-0962 RSM

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

491 U.S. 274, 283-84, 109 S.Ct. 2463, 2469, 105 L.Ed.2d 229 (1989)).[7]

The hourly rates to be applied are generally those rates in the legal community where the claim is tried. *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir.), *cert. denied*, 502 U.S. 899 (1991). The determination of what hourly rate is reasonable is not made in reference to the rates actually charged by the prevailing party. *Chalmers*, 796 F.2d at 1210. Rather, the court "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Id.* at 1210-11. "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir.1987).

In this case, Plaintiff's counsel's actual hourly rate is $350 per hour. *See* Declaration of Counsel. Plaintiff's counsel bills for paralegal services at the rate of $110 per hour. *Id.* The declarations of Fred Diamondstone and Lem Howell have been presented to substantiate that these rates are reasonable for comparable services in the community based upon Plaintiff's counsel's skill and reputation in the community.

---

[7] *See also Washington Public Power Supply System Securities Litigation, In re*, 19 F.3d 1291, 1305 (9th Cir. 1994)("The district court has discretion to compensate delay in payment in one of two ways: (1) by applying the attorneys' current rates to all hours billed during the course of the litigation; or (2) by using the attorneys' historical rates and adding a prime rate enhancement"); *Gates v. Deukmejian*, 987 F.2d 1392, 1407 (9th Cir. 1992)("Finally, the length of the delay in payment indeed is a consideration in deciding whether an award of current rather than historic rates is warranted"); *Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895, 908 (9th Cir. 1995) ("'[e]ither current or historical prevailing rates may be used [,although] [t]he use of current rates may be necessary to adjust for inflation if the fee amount would otherwise be unreasonable.'") (*citing D'Emanuele v. Montgomery Ward & Co.*, Inc., 904 F.2d 1379, 1384 (9th Cir.1990). In *WPPSS, supra,* at 1305, the Court held that failure to calculate the lodestar at current rates was an abuse of discretion.

Plaintiff's Motion for Attorney Fees And Expenses - 8
Bonner v. City of Normandy Park, No. C07-0962 RSM

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

### E. Number of Hours Expended.

In this case, Plaintiff logged 439 hours to litigate Plaintiff's claim, not including responding to a possible post trial motion. Plaintiff's paralegal has logged 148 hours. The time spent prosecuting this lawsuit necessarily precluded gainful employment in other legal matters. Many brief telephone calls and email communications have not been recorded. *See* Exhibit A to Declaration of Jeffrey Needle and Kathleen Kindberg.

### F. Successful and Unsuccessful Claims.

In many civil rights cases plaintiffs will bring lawsuits alleging numerous causes of action under both federal and state law. It is clear that where there exists a common core of facts based upon related legal theories, plaintiff may recover a complete lodestar even if he did not prevail on every contention raised.

> In Hensley, the Court addressed the issue of whether a partially prevailing plaintiff may recover attorney's fees for time spent in furtherance of unsuccessful claims. The Court held that the "extent of a plaintiff's success is a crucial factor in determining the proper amount of [an award under Section 1988]." Hensley, 461 U.S. at 440, 103 S.Ct. at 1943. Furthermore, when a plaintiff does not prevail on a claim that is "distinct in all respects from his successful claims," then the hours spent on the unsuccessful claim must be deducted from the fee award. Id. **If, however, the claims are related, then "a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised."** Id.

*Lovell By and Through Lovell v. Poway Unified School Dist.*, 79 F.3d 1510, 1519 (9th Cir. 1996)(emphasis added).

> To determine whether the claims are related, the district court should focus on whether the claims on which Plaintiff did not prevail "involve a common core of facts *or* are based on related legal theories." *Id.* (emphasis in original)(citation omitted). To the extent the claims are related, Plaintiff should recover reasonable fees for prosecuting those claims. However, a determination that certain claims are not related does not

Plaintiff's Motion for Attorney Fees And Expenses - 9
Bonner v. City of Normandy Park, No. C07-0962 RSM

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

automatically bar an award of attorney's fees associated with those unrelated claims; work performed in pursuit of the unrelated claims may be inseparable from that performed in furtherance of the related or successful claims.

*Thomas v. City of Tacoma,* 410 F.3d 644, 649 (9th Cir. 2005).

In *Schwarz v. Secretary of Health & Human Services,* 73 F.3d 895 (9th Cir. 1995), the Ninth Circuit Court, citing *Hensley,* first reiterated that "claims are unrelated if they are distinctly different claims for relief that are based on different facts and legal theories; claims are related if they involve a common core of facts or [are] based on related legal theories." *Id.* at 902.   Although the Court acknowledged that there is no certain method for determining whether claims are related or unrelated, it did establish some useful guidelines:

> We concluded that "the test is whether relief sought on the unsuccessful claim 'is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised.'" Thorne, 802 F.2d at 1141 (quoting Mary Beth G., 723 F.2d at 1279). Thus, the focus is to be on whether the unsuccessful and successful claims arose out of the same "course of conduct." If they didn't, they are unrelated under Hensley.

*Id.* at 903.  *See also Odima v. Westin Tucson Hotel,* 53 F.3d 1484, 1499 (9th Cir.1995)(the court specifically ruled state and federal claims (Title VII and Section 1981) alleging discrimination arose out of a common core of facts and that the failure to prevail on the state claims did not foreclose a full lodestar).[8]

---

[8] Even if the claims are not related, however, that does not foreclose a complete load star. In *Schwarz* the court recognized that attorneys fees could be recoverable for even unrelated claims if "it is likely that some of the work performed in connection with the [unsuccessful claim] also aided the work done on the merits of the [successful claim]." *Schwarz,* 73 F.3d at 903.  *See also Aguirre v. Los Angeles Unified School Dist.,* 461 F.3d 1114, 1122 (9th Cir. 2006)("However, a determination that certain claims are not related does not automatically bar an award of attorney's fees associated with those unrelated claims; work performed in pursuit of the unrelated claims may be inseparable from that performed in furtherance of the related or successful claims"); *Cabrales v. County of Los Angeles,* 935 F.2d 1050, 1052 (9th Cir.1991)("we read *Hensley* as establishing the general rule that plaintiffs are to be compensated for attorney's fees incurred for services that contribute to the ultimate victory in the lawsuit. Thus, even if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims."); *O'Neal v. City of*

Plaintiff's Motion for Attorney Fees And Expenses - 10
Bonner v. City of Normandy Park, No. C07-0962 RSM

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

In the case at bar, Plaintiff's claims of an arrest without probable cause under state and federal law were dismissed on summary judgment. In addition, Plaintiff failed to prevail on the state common law claim of assault and battery. All of the facts necessary to prove excessive force in violation of the Fourth Amendment, however, are exactly duplicative of the facts relied upon to prove the claims that were dismissed prior to trial and rejected by the jury. The unsuccessful claims were intended to remedy a course of conduct that was neither distinct nor separate from the course of conduct that gave rise to the injury on which the relief granted was premised. *Schwarz, supra* at 903. All of the facts in this case concerned events lasting approximately twenty minutes on April 25, 2005 while on the premises of the Normandy Park Police Station. **In this case, there was a common core of facts based upon related legal theories.** There should be no reduction in lodestar because Plaintiff failed to prevail on the claims of an arrest without probable cause or assault and battery under state law.

### G. Costs and Expenses.

"It is well established that attorney's fees under 42 U.S.C. § 1988 include reasonable out-of-pocket litigation expenses that would normally be charged to a fee paying client, even if the court cannot tax these expenses as 'costs' under 28 U.S.C. § 1920. *Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006). The Supreme Court has provided two guidelines addressing the scope of attorney's fees as applied to litigation expenses. First, reasonable attorney's fees do not include costs that, like expert fees, have by tradition and statute

---

*Seattle*, 66 F.3d 1064, 1068-69 (9th Cir.1995)(applying *Thorne* and upholding district court's conclusion that pursuing unsuccessful motion for class certification was not a separate claim, but a method of pursuing ultimately successful claim); *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1499 (9th Cir.1995)(applying *Thorne* to affirm district court's finding that state tort claims were related to Title VII claim because they arose out of common core of facts that required virtually the same evidence).

Plaintiff's Motion for Attorney Fees And Expenses - 11
Bonner v. City of Normandy Park, No. C07-0962 RSM

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

been treated as a category of expenses distinct from attorney's fees. Second, reasonable attorney's fees include litigation expenses only when it is "the prevailing practice in a given community" for lawyers to bill those costs separately from their hourly rates. *Id.* at 1259. Plaintiff's counsel customarily bills separately for legal messenger service, copying, parking, and the cost of depositions. Plaintiff seeks recovery for those expenses.

### H. Fees on Fees.

"Recoverable attorney's fees may include fees incurred while doing work on the underlying merits of the action ("merits fees") as well as fees incurred while pursuing merits fees 'fees-on-fees')." *Thompson v. Gomez*, 45 F.3d 1365, 1366 (9th Cir. 1995); *McGrath v. County of Nevada*, 67 F.3d 248, 253 (9th Cir. 1995)("Work performed on a motion for fees under Sec. 1988(b) is compensable").

### I. Summary of Fees and Expenses.

The declarations of counsel are filed in support of a request for fees and costs. The totals, not including possible defense post trial motions are summarized below.

| | |
|---|---:|
| 1. Jeffrey Needle - 439 hours @ $350 per hour | $153,650 |
| 2. Kathleen Kindberg - 148 hours @ $110 per hour | 16,280 |
| 3. Expenses | 7,201.08 |
| Total attorney fees and expenses | $177,131.08 |

### IV. Conclusion

The Court should award reasonable attorney fees and expenses as requested.

Respectfully submitted this 26 day of November, 2008.

_____
Jeffrey Needle, WSBA #6346
Attorney for Plaintiff

Plaintiff's Motion for Attorney Fees And Expenses - 12
Bonner v. City of Normandy Park, No. C07-0962 RSM

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523