The Honorable Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN BONNER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NORMANDY PARK, a Municipal Corporation, and DETECTIVE JOHN LIEVERO, in his individual capacity,<br><br>　　　　Defendants. | NO. C07-0962 RSM<br><br>DECLARATION OF JEFFREY NEEDLE IN SUPPORT OF MOTION FOR ATTORNEY FEES AND EXPENSES |

Jeffrey Needle, being duly sworn under penalty of the laws of the State of Washington, does hereby declare as follows:

1. That I am attorney for Plaintiff in the above referenced case. That I am competent to testify to the matters contained herein and do so upon personal knowledge.

2. I graduated from American University Law School in 1972. I was on the law review staff and an editor of the law school law journal.

3. I have been in private practice for approximately thirty years. During that period of time

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

I have specialized in civil rights and employment discrimination litigation. Approximately 90 percent of my practice has been devoted to the litigation of civil rights cases. I have litigated civil rights cases in both state and federal court through trial and in appellate courts at all levels *e.g., Burnside v. Simpson Paper*, 66 Wn.App. 510, 832 P.2d 537 aff'd, 123 Wn.2d 93 (1994)(age discrimination and handbook claim); *Lucas v. J.C. Penny*, Western District of Washington, #C93-1804C (1996)(race harassment and negligent infliction of emotional distress - affirmed by the Ninth Circuit, unpublished); *Redmon v. Air Industries Corporation*, Western District of Washington,#C95-482WD (1997) (Whistleblower, wrongful discharge); *Woods v. Graphic Communications Union*, 925 F.2d 1195 (9th Cir. 1991)(racially hostile work environment, outrage, failure of duty of fair representation, punitive damages awarded); *Wollert v. Rent A Center*, King County Cause No. 91-2-16364-2 (retaliation under state and federal law for assisting in a race discrimination claim - Section 1981 punitive damages awarded); *McGinnis v. Kentucky Fried Chicken*, 42 F.3rd 1273 (9th Cir. 1994)(disability discrimination, punitive damages awarded); *McAllister v. City of Seattle*, King County Cause No. 94-2-26770-1 (1998)(Section 1983 - false arrest); *Altshuler v. City of Seattle*, 63 Wn.App. 389, 819 P.2d 393 (1991)(Qualified immunity under Section 1983); *Ude v. Diamond Parking,* King County Cause No. 95-2-18888-5 SEA (1998) (failure to promote on basis of race Section 1981 - punitive damages awarded); *Rendish v. City of Tacoma, et al,* C96-5780RJB, May, 1999)(Retaliation - First Amendment (*Monell*) and RCW 49.60); *Swinton v. U.S. Matt Corp.,* 270 F.3d 794 (9th Cir. 2001(Section 1981 - racially hostile work environment - punitive damages awarded).

4. I am presently on the Board of Directors of the Washington Employment Lawyers Association (WELA) and the Chair of the WELA Amicus Committee since 1998; member of the ACLU Legal Committee since 1983; member of the National Employment Lawyers Association

Declaration of Jeffrey Needle In support of Reasonable Attorney fees and Expenses - 2
Bonner v. City of Normandy Park, et al. No. C07-0962 RSM

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

(NELA) Amicus Committee; Member of the American Association of Justice (formerly ATLA) amicus committee and Co-State Coordinator for Public Justice (formerly TLPJ). I have written dozens of amicus briefs in both state and federal court; including the United States Supreme Court: *Collins v. Harker Heights, Tex.*, 503 U.S. 115, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992)(Amicus for ATLA - deliberate indifference standard, Section 1983); *Kolstad v. American Dental Association*, 527 U.S. 526, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999)(Amicus for ATLA - standard for punitive damages is a Title VII case); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 23 S.Ct. 2148, 156 L.Ed.2d 84 (2003)(Amicus for ATLA - direct evidence not required for mixed motive jury instruction); *EEOC v. BCI Coca Cola*, (2006)(Amicus for ATLA - Petition dismissed pending oral argument)(Cat's paw defense to vicarious liability); *Chavez v. Martinez*, 538 U.S. 760, 123 S.Ct. 1994, 155 L.Ed.2d 984 (2003) (Amicus for ATLA - qualified immunity under Section 1983).

5. I have been on the Board of Governors of the Association of Trial Lawyers of American (ATLA) from 1993 until 1997. I am past Chairman of ATLA's Civil Rights Section and continue on its Executive Committee. I am past Chair of ATLA's Employment Rights Section - approximately 1200 members - and continue on its Executive Committee. I am past Chair of ATLA's Section Leaders' Council, and served on the Legal Affairs and Constitutional Litigation committees. I was the Chairman of the Civil Rights Section of the Washington State Trial Lawyers Association (WSTLA) from 1986 to 1992. I have served on additional committees too numerous to mention.

6. I have published approximately 40 columns and articles on various civil rights issues in the *Trial News*, a publication of the Washington State Trial Lawyers Association. I have also written civil rights related book reviews and articles on punitive damages and qualified immunity in civil rights cases for *Trial Magazine*, the publication of ATLA. My most recent publication for *Trial Magazine*

Declaration of Jeffrey Needle In support of Reasonable Attorney fees and Expenses - 3
Bonner v. City of Normandy Park, et al. No. C07-0962 RSM

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

in June, 2008 is entitled "Defeat the Cat's Paw Defense to Vicarious Liability."

7. I have been a speaker at numerous continuing legal education seminars on a number of different civil rights related topics. Within the last year I have spoken at seminars sponsored by the National Employment Lawyers Association and Washington Employment Lawyers Association. I was invited to speak at a seminar sponsored by the American Bar Association last October, but was unable to do so because of schedule conflict.

8. The fee agreement with my client was a contingency type fee agreement. I have received no compensation of any kind whatsoever for the services performed in the above-referenced case.

9. The time I spent prosecuting this law suit necessarily precluded gainful employment in other fee generating legal matters.

10. Attached hereto as Exhibit A is a breakdown of the time spent on the case to date. I have made a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary. Many brief telephone calls, email communications and internal conferences have not been recorded. Exhibit A was complied from detailed time records **contemporaneously** logged by the undersigned.

11. From the beginning of this litigation Plaintiff's counsel recognized that the likely damages would probably be significantly less than the likely attorney fees. Accordingly, on December 19, 2007, Plaintiff's counsel wrote to defense counsel in an effort to achieve an early settlement and explained as follows:

> It may be that no settlement of this case is possible. But if a settlement is possible it would appear self-evident that the probability of settlement is diminished the longer the case is litigated. At some point in the very near future, attorney fees will be the primary element of recovery. Given the nature of Plaintiff's damages, the attorney fees generated by substantial litigation will exceed Plaintiff's potential recovery and will make settlement impossible.

Declaration of Jeffrey Needle In support of Reasonable Attorney fees and Expenses - 4
Bonner v. City of Normandy Park, et al. No. C07-0962 RSM

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

Exhibit C. Plaintiff received no response to this settlement offer. Instead, additional depositions, contested discovery motions, retention of expert witnesses, and a motion for summary judgment multiplied the attorney fees and costs. On September 18, 2008, the case was mediated for a half day with Cliff Freed. As predicted, attorney fees made settlement impossible.

12. My usual billing rates for a civil rights case is $350 per hour. The rate reflects my special expertise in the subject of civil rights. The rate does not reflect the contingent nature of the case or the delay in payment.

13. My paralegal Kathleen Kindberg has worked for me for approximately 9 years. She is a graduate of Arizona State University. Prior to working for me, Ms. Kindberg worked for both the University of Washington and Washington State Department of Transportation investigating EEO complaints. Ms. Kindberg's logged hours are attached. Exhibit B. The billable rate for Ms. Kindberg's time is $110 per hour. The utilization of a paralegal in this case significantly diminished the amount of attorney time which otherwise would have been required.

14. My request for reasonable attorney fees and expenses are summarized as follows:

**Attorney fees**

| | |
|---|---:|
| Jeffrey Needle - 439 hours @ $350 per hour | $153,650 |
| Kathleen Kindberg 148 hours @ $110 per hour | 16,280 |
| Total Attorney Fees | $169,930 |

**Expenses**

| | |
|---|---:|
| 1. Filing fee | 200.00 |
| 2. Service of Process - summons and complaint | 163.80 |
| 3. Service of Process - Melewski subpoena | 70.54 |

Declaration of Jeffrey Needle In support of Reasonable Attorney fees and Expenses - 5
Bonner v. City of Normandy Park, et al. No. C07-0962 RSM

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

| | | |
|---|---|---|
| 4. Witness Fee (Melewski) | | 50.00 |
| 5. Copying - 2,343 copies @ $.15 | | 351.45 |
| 6. Copy - color copies - Sudden Printing | | 40.52 |
| 7. Legal Messenger Costs | | 35.00 |
| 8. Medrecs Copying Service (medical records) | | 874.35 |

9. Depositions

| | | |
|---|---|---|
| a. Bonner | 726.80 | |
| b. Rick Kieffer | 1,011.43 | |
| c. John Lievero | 819.25 | |
| d. Collin Thorpe | 204.00 | |
| e. Paul Melewski | 438.00 | |
| f. Nancy Bonner | 684.40 | |
| g. Karis Miles | 274.35 | |
| h. Van Blaricom | 231.20 | |
| i. Thomas Ovens | 730.99 | |

| | |
|---|---|
| Total Depositions | 5,120.42 |
| 10. Parking at trial | 55.00 |
| Total Expenses Pretrial Expenses | 6,961.08 |
| Post Trial Transcript Copies - Nancy Bauer | 240.00 |
| Total Fees and Expenses | $177,131.08 |

Dated in Seattle this 26 day of November, 2008.

*[signature]*
Jeffrey Needle, WSBA #6346
Attorney for Plaintiff

Declaration of Jeffrey Needle In support of Reasonable Attorney fees and Expenses - 6
Bonner v. City of Normandy Park, et al. No. C07-0962 RSM

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

Bonner v. City of Normandy Park

Attorney hours - Jeffrey Needle

| DATE | TASK | HOURS |
|---|---|---|
| 12/6/2006 | Initial Interview | 1.5 |
| 12/6/2006 | Review File | 2.25 |
| 1/17/2007 | Admin. Claim for Damages | 1 |
| 5/29/2007 | interview Karis Miles | 1.5 |
| 5/29/2007 | draft complaint | 1.5 |
| 5/29/2007 | research Taser/excessive force | 1.75 |
| 5/29/2007 | jury demand | 0.25 |
| 8/2/2007 | discovery conference | 0.5 |
| 9/5/2007 | research Taser - Law Review Art. | 2 |
| 9/5/2007 | draft discovery request | 2.25 |
| 9/6/2007 | review/modify protective order - Email Bannon | 0.5 |
| 9/7/2007 | review protective order | 0.25 |
| 9/7/2007 | review discovery response | 1.5 |
| 10/16/2007 | work on pltf's disc request | 3 |
| 10/17/2007 | work on pltf's disc request | 2.25 |
| 10/29/2007 | Rule 37 conference- | 0.4 |
| 10/29/2007 | Letter to Bannon | 0.5 |
| 10/31/2007 | research Taser/excessive force | 1.5 |
| 10/31/2007 | research work product | 2.25 |
| 10/31/2007 | Letter to Bannon | 1 |
| 11/2/2007 | Rule 37 Letter to Bannon | 1.1 |
| 11/8/2007 | t/c client | 0.7 |
| 11/14/2007 | review supp. initial disclosure | 1.3 |
| 11/15/2007 | Letter to Bannon re: discovery and plaintif + Plaintiff's Deposition | 0.9 |
| 11/19/2007 | Motion for Protective Order | 1 |
| 11/20/2007 | work on discovery response | 2.5 |
| 11/20/2007 | t/c client | 0.3 |
| 11/27/2007 | prep client for deposition | 5.25 |
| 11/29/2007 | deposition of client | 8 |
| 12/1/2007 | research Rule 35 | 3 |
| 12/1/2007 | Email client | 0.25 |
| 12/3/2007 | prep Kieffer deposition | 3 |
| 12/4/2007 | prep Kieffer deposition | 4.75 |
| 12/5/2007 | Kieffer deposition | 3.5 |
| 12/5/2007 | Meeting with Bonner | 0.5 |
| 12/12/2007 | Motion to Compel Testimony | 5.75 |
| | Letter to Bannon | 0.25 |
| 12/13/2007 | prep for Thorpe deposition | 2.25 |
| 12/14/2007 | deposition of Colin Thorpe | 1.5 |
| 12/19/2007 | settlement letter to Bannon | 0.3 |
| 12/19/2007 | Letter to Bannon re: discovery | 2.25 |
| | Letter to client re: scheduling | 0.25 |
| 12/27/2007 | Resp. Motion to Compel/Rule 35 | 2.5 |
| 12/28/2007 | Resp. Motion to Compel/Rule 35 | 3 |

EXHIBIT A

| Date | Description | Hours |
|---|---|---|
| 12/31/2007 | Resp. Motion to Compel/Rule 35 | 3 |
| 1/2/2008 | Resp. Motion to Compel/Rule 35 | 11 |
| 1/3/2008 | Resp. Motion to Compel/Rule 26 | 9 |
| 1/6/2008 | Resp.Motion to Compel/Rule 26 | 1.75 |
| 1/7/2008 | Resp. Motion to Compel/Rule 26 | 1.5 |
| 1/8/2008 | Reply/Motion to Compel Test | 3 |
| 1/9/2008 | Reply/Motion to Compel Test | 3 |
| 1/9/2008 | Resp Motion/Rule 35 | 1.75 |
| 1/10/2008 | Resp Motion/Rule 35 | 1.75 |
| 2/27/2008 | t/c client re: CR 35 exam | 0.5 |
| 3/25/2008 | prep. Lievero deposition | 3.75 |
| 3/26/2008 | prep. Lievero deposition | 2.25 |
| 3/26/2008 | Lievero deposition | 2.75 |
| 4/16/2008 | prep Melewski dep | 3.25 |
| 4/17/2008 | prep Melewski dep | 3.5 |
|  | review Dr. Hamm report | 2.25 |
|  | t/c client | 0.5 |
| 4/18/2008 | Melewksi deposition | 1.5 |
| 4/18/2008 | meeting with client | 0.5 |
| 4/23/2008 | t/c Van Blaricom | 0.25 |
| 5/2/2008 | review Van Blaricom report | 0.25 |
| 6/4/2008 | t/c Nancy Bonner | 0.25 |
|  | review N. Bonner statement | 0.25 |
|  | prep Van Blaricom deposition | 1.5 |
| 6/5/2008 | Van Blaricom deposition | 1.5 |
|  | Discovery conference - Bannon | 0.25 |
| 6/9/2008 | Interview Nancy Bonner | 1 |
|  | interview Karis Miles | 1 |
| 6/10/2008 | Deposition Nancy Bonner | 5.5 |
|  | Deposition of Karis Miles | 1.75 |
| 6/11/2008 | Deposition of Karis Miles | 2.75 |
| 6/17/2008 | prep. Ovens deposition (expert) | 4.25 |
| 6/18/2008 | prep. Ovens deposition (expert) | 2.25 |
| 6/19/2008 | Ovens deposition | 2.5 |
| 6/25/2008 | prep. Dr. Olson deposition | 1.25 |
| 6/29/2008 | prep. Dr. Gerard deposition | 0.5 |
| 6/30/2008 | Olson deposition | 2.75 |
| 6/30/2008 | Gerard deposition | 1.25 |
| 7/11/2008 | review MSJ | 2.5 |
| 7/18/2008 | work SJ response | 4.5 |
| 7/19/2008 | work SJ response | 4.5 |
| 7/20/2008 | work SJ response | 3 |
| 7/21/2008 | work SJ response | 5 |
| 7/22/2008 | work SJ response | 5 |
| 7/23/2008 | work SJ response | 11 |
| 7/24/2008 | work SJ response | 11.5 |
| 7/25/2008 | work SJ response | 9 |
| 7/26/2008 | work SJ response | 5.75 |
| 7/27/2008 | work SJ response | 4.25 |
| 7/28/2008 | work SJ response | 4 |
| 9/5/2008 | t/c client re: mediation | 0.25 |
|  | t/c Bannon | 0.25 |

| Date | Description | Hours |
|---|---|---|
| 9/9/2008 | mediation memo | 5.25 |
| 9/11/2008 | tc client re: mediation | 0.25 |
|  | mediation memo | 2 |
| 9/17/2008 | t/c client re: mediation | 0.5 |
| 9/18/2008 | mediation | 4.5 |
|  | t/c mediator | 0.25 |
| 9/24/2008 | work on pretrial statement | 3 |
| 9/29/2008 | motion in limine | 3 |
| 10/1/2008 | motion in limine | 3.5 |
| 10/2/2008 | motion in limine | 5 |
| 10/4/2008 | review SJ order | 0.5 |
| 10/6/2008 | motion in limine | 4.75 |
| 10/8/2008 | work on jury instructions | 4 |
| 10/13/2008 | work on resp to motion in limine | 6.75 |
| 10/15/2008 | reply/motion in limine | 5 |
| 10/20/2008 | work on pretrial order | 3 |
|  | meet with Bannon - pretrial order | 1.75 |
|  | revise pretrial order | 1 |
| 10/22/2008 | work deposition designation | 5 |
|  | prep. Lievero cross exam | 2.75 |
| 10/23/2008 | work on jury instructions | 3.75 |
| 10/26/2008 | work on ji, trial brief, voir dire | 6.25 |
| 10/27/2008 | work on ji, trial brief, voir dire | 3.25 |
| 10/28/2008 | work on Lievero, Kieffer cross | 6 |
| 10/29/2008 | status conference, travel | 2.75 |
|  | work on jury instructions | 3.75 |
|  | Lievero deposition index - cross | 3.25 |
| 10/30/2008 | prep client for direct | 4.5 |
|  | prep N Bonner for direct | 3.5 |
| 10/31/2008 | prep Karis Miles for direct | 2.25 |
|  | work on Kieffer cross | 3 |
|  | work on opening | 2.25 |
| 11/1/2008 | work on Kieffer cross | 2.5 |
|  | prep van Blaricom direct | 2.25 |
|  | Melewski dep index - cross | 3 |
| 11/2/2008 | Opening statement - prep | 2 |
|  | jury selection | 1.25 |
|  | organize trial materials | 3 |
|  | t/c client | 0.5 |
| 11/3/2008 | trial | 6.5 |
|  | prep over lunch | 1 |
|  | prep Colin Thorpe cross | 2 |
|  | t/c client | 0.75 |
|  | t/c client | 0.25 |
|  | t/c Van Blaricom | 0.25 |
| 11/4/2008 | trial prep | 1 |
|  | trial | 6.5 |
|  | trial prep - over lunch | 1 |
|  | trial prep - N Bonner/Thorpe | 3 |
| 11/5/2008 | trial prep | 1 |
|  | trial | 6.5 |
|  | trial prep - over lunch -Melewski | 1.25 |

| Date | Description | Hours |
|---|---|---|
| | trial prep - Ovens | 3.5 |
| 11/6/2008 | trial prep - Kieffer/Thorp | 1.25 |
| | trial | 6.5 |
| | trial prep - over lunch | 1 |
| 11/6/2008 | trail prep - Hamm, Ovens, Lievero | 4 |
| 11/7/2008 | trial prep - Ovens, Hamm | 1 |
| | trial | 4.25 |
| | trial prep - over lunch | 1 |
| 11/8/2008 | work on closing | 3.75 |
| 11/9/2008 | work on closing | 4 |
| 11/10/2008 | closing arguments | 3 |
| 11/10/2008 | await verdict at courthouse | 4.25 |
| 11/12/2008 | jury question | 1 |
| | jury question | 1 |
| 11/13/2008 | jury verdict | 1 |
| 11/14/2008 | Work on Fee Petition | 4 |
| | t/c Fred Diamondstone re decl. | 0.5 |
| 11/14/2008 | Declar. JN in support of fees | 0.25 |
| 11/17/2008 | t/c client | 0.5 |
| 11/17/2008 | Declar. JN in support of fees | 1.75 |
| 11/20/2008 | tc Lem Howell | 0.5 |
| **TOTAL HOURS:** | | **439.5** |

*Bonner v. City of Normandy Park*

Paralegal Hours - Kathleen Kindberg

| DATE | TASK | TIME |
|---|---|---|
| 1/17/2007 | claim for damages/draft/serve | 2 |
| 5/30/2007 | draft complaint | 2 |
| 6/5/2007 | complaint and summons | 1 |
| 7/19/2007 | Joint Status Report | 0.5 |
| 8/9/2007 | initial disclosures | 2 |
| 8/16/2007 | Joint Status Report | 0.5 |
| 9/6/2007 | draft discovery | 2 |
| 9/8/2007 | draft discovery | 0.5 |
| 9/20/2007 | Respond to Def. Discovery | 0.5 |
| 10/3/2007 | Respond to Def. Discovery | 2 |
| 10/3/2007 | privilige log | 0.5 |
| 10/5/2007 | Respond to Def. Discovery | 2 |
| 11/9/2007 | def second discovery | 1 |
| 11/19/2007 | def second discovery | 2 |
| 12/13/2007 | assist motions to compel/file | 2.5 |
| 12/7/2007 | attend Lievero deposition | 1 |
| 12/19/2007 | attend Thorpe deposition | 1.5 |
| 3/26/2008 | attend Lievero deposition | 2 |
| 4/17/2008 | attend Melewski deposition | 1.5 |
| 7/21/2008 | locate/interview potential witness | 2 |
| 7/22/2008 | assist response MSJ | 3 |
| 7/23/2008 | assist response MSJ | 2 |
| 7/25/2008 | assist response MSJ | 3 |
| 9/25/2008 | pretrial statement | 2 |
| 9/26/2008 | pretrial statement | 2 |
| 9/30/2008 | trial exhibits - plaintiff | 2 |
| 10/6/2008 | motion in limine - file | 2 |
| 10/7/2008 | serve sealed exhibits - Bannon | 1 |
| 10/21/2008 | pretrial order | 7 |
| 10/22/2008 | pretrial order | 5 |
| 10/23/2008 | pretrial prep - trial subpoenas | 5 |
| 10/24/2008 | jury instructions + dep excerpts | 4 |
| 10/27/2008 | pretrial prep - jury instructions | 8 |
| 10/28/2008 | pretrial - dep excerpts + jury inst | 9 |
| 10/29/2008 | pretrial prep + pretrial conf | 8 |
| 10/30/2008 | trial notebooks/jury instructions | 9 |
| 10/31/2008 | trial notebooks | 5 |
| 11/2/2008 | electronic copy jury instructions | 5 |
| | trial prep | |
| 11/3/2008 | Bonner trial | 6.5 |
| | trial prep | 1 |
| 11/4/2008 | Bonner trial | 6.5 |
| 11/5/2008 | Bonner trial | 6.5 |
| 11/6/2008 | Bonner trial | 6.5 |
| 11/7/2008 | Bonner trial | 5 |
| 11/10/2008 | Bonner trial | 5 |

EXHIBIT B

**TOTAL PARALEGAL HOURS:** 148

# Law Offices of Jeffrey L. Needle

119 First Avenue South • Maynard Building
Suite 200 • Seattle, Washington • 98104
Tel. (206) 447-1560 • Fax. (206) 447-1523
jneedlel@wolfenet.com

Jeffrey L. Needle
Kathleen Kindberg
Legal Assistant

**Privileged and Confidential**
**For Settlement Only**

December 19, 2007

Fax (206) 223-9423

Brennda Bannon
Keating, Bucklin & McCormack, Inc.,
800 Fifth Ave., Suite 4141
Seattle, Washington 98104

Re: *Bonner v. Normandy Park*

Dear Ms. Bannon:

Please consider this a letter an offer of settlement in the amount of ▓▓▓▓ including all attorney fees and costs.

As you know, Mr. Bonner is not making a wage claim in this case. He claims garden variety emotional distress damages associated with being tased, physically abused and arrested by Detective Lievero. He claims emotional distress damages associated with being forced to stand trial, and the reasonable attorney fees required to defend the criminal charges. Mr. Bonner claims a violation of state common law and a violation of his constitutional rights pursuant to 42 U.S.C. Section 1983. Under Section 1983, Mr. Bonner may recover reasonable attorney fees and punitive damages against Detective Lievero.

Thus far in the litigation, I have taken two depositions and plan at least two more, the deposition of Detective Lievero and Officer Melewski. You have taken Plaintiff's deposition, and have stated an intention to bring a motion to compel discovery to which I will be required to respond. It may be that no settlement of this case is possible. But if a settlement is possible it would appear self-evident that the probability of settlement is diminished the longer the case is litigated. At some point in the very near future, attorney fees will be the primary element of recovery. Given the nature of Plaintiff's damages, the attorney fees generated by substantial litigation will exceed Plaintiff's potential recovery will make settlement impossible.

Accordingly, absent compelling circumstances this offer of settlement will expire January 4, 2008.

EXHIBIT C

Letter to Bannon
December 19, 2007
Page two

---

          Very truly yours,


          Jeffrey Needle

JLN:jn