The Honorable Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTE

| | |
|---|---|
| KEVIN BONNER, | NO.  C07-0962 RSM |
| Plaintiff, | |
| v. | PLAINTIFF'S REPLY IN SUPPORT OF REASONABLE ATTORNEY FEES AND EXPENSES |
| NORMANDY PARK, a Municipal Corporation, and DETECTIVE JOHN LIEVERO, in his individual capacity, | |
| Defendants. | |

## I. Introduction

Plaintiff has moved this court for reasonable attorney fees and expenses, including paralegal

fees, as prevailing party.  The Defendant does not contest the award of expenses nor the lodestar

amount requested for paralegal time.  Because those amounts are uncontested, the Court should

award the full amount requested.

The Defendant does contest the hourly rate and the number of hours.  Both are reasonable

and amply supported by the record.  Together with this Reply, Plaintiff has filed a supplemental

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington  98104
(206) 447-1560 fax (206) 447-1523

declaration to request additional fees for the amount of time taken to respond to the Defendant's post trial motion and the amount of time taken to reply to the Defendant's opposition to fees ($10,850).

The Court should award a full lodestar plus reasonable expenses, as originally requested, plus additional fees consistent with Plaintiff's counsel's supplemental declaration filed together with this Reply.  The Court should include in the award the expenses reflected in the Howell ($2,910) and Diamondstone ($910) declarations.   The Court should award total fees and expenses in the amount of $191,801.08.

## II.  Argument of Counsel

The Defendant argues that the court dismissed the following claims at summary judgment: False arrest and imprisonment under 42 U.S.C. Section 1983; Due process under the Fourteenth Amendment; state law claims of false arrest and imprisonment; and a Section 1983 *Monell* claim. In reality, the only claim which was pled and dismissed by the District Court at summary judgment involved false arrest and imprisonment under state and federal law.  As explained in Plaintiff's responsive pleading to summary judgment, the *Monell* claim was never pled at all.  Although Plaintiff was silent in his summary judgment responsive pleading about The Fourteenth Amendment Due Process claim, the sole reference in Plaintiff's Complaint to the Fourteenth Amendment was: "The above stated facts give rise to a claim of a false arrest and imprisonment without probable cause by Detective Lievero in violation of the Fourth and Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. Section 1983." Complaint par. 3.2.  DKT #4. The exact same reference was repeated in reference to excessive force.  Complaint, par 3.3. These references to the Fourteenth Amendment were included in the Complaint because the Fourth Amendment only applies to local

Plaintiff's Reply In Support of Attorney Fees - 2
Bonner v. Normandy Park, et al., No. C07-0962 RSM

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington  98104
(206) 447-1560 fax (206) 447-1523

public officials through application of the Due Process Clause of the Fourteenth Amendment.  No

independent or separate cause of action under the Fourteenth Amendment was pled or intended.

**A. Plaintiff's Counsel's Hourly Rate is Reasonable.**

The Defendant argues that Plaintiff's counsel's 60 day suspension in the fall of 2006 warrants

a reduction to his hourly rate.  But defense counsel sites no authority in support of that argument.

Consistent with her usual practice, she simply throws mud wherever she can find it.  The declaration

of Fred Diamondstone and Lem Howell amply support a reasonable hourly rate of $350.00 per hour.

The Defendant has produced not one scintilla of evidence to the contrary, only scurrilous argument.

The Defendant argues that there is no showing that taking this case precluded other employment, but

this is just more argument.   Plaintiff's counsel's declaration asserts to the contrary and is

uncontradicted.

The Defendant argues that the contingency fee agreement has not been produced, but cites

no authority requiring its production.  Counsel's declaration is sufficient, and uncontradicted.  "The

fee agreement with my client was a contingency type fee agreement.   I have received no

compensation of any kind whatsoever for the services performed in the above-referenced case."

Declaration of Jeffrey Needle, par 8.  Again, the Defendant offers no evidence to the contrary.

Although the Defendant complains about the lack of documentation of the hourly rate prior

to the current date, the Defendant cites no authority in opposition to entitlement at the current hourly

rate. *See Gates v. Deukmejian*, 987 F.2d 1392, 1406 (9th Cir. 1992)("Thus, the Court held that an

adjustment for delay in payment is an appropriate factor in determining what constitutes a reasonable

attorneys' fee under Sec. 1988 and 'that an appropriate adjustment for delay in payment-whether by

Plaintiff's Reply In Support of Attorney Fees - 3
Bonner v. Normandy Park, et al., No. C07-0962 RSM

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington  98104
(206) 447-1560 fax (206) 447-1523

application of current rather that historic rates or otherwise--is within contemplation of the statute'").

**B. Contested Discovery Motions - Recoverable Hours.**

It would appear that the Defendant argues that no fees should be recovered for unsuccessfully defending motions. In particular, the Defendant complains about Plaintiff's unsuccessful effort to prevent a Rule 35 examination. But as indicated in Plaintiff's brief in opposition to that motion, he was not claiming the psychiatric disabilities now asserted by the Defendant. DKT #33. To the contrary, prior to the Defendant's motion he entered into a stipulation disavowing those disabilities and affirmatively claimed only garden variety emotional distress. The Defendant's request for sanctions was denied. Moreover, it is telling that the Defendant never called Dr. Hamm as witness at trial, the psychiatrist who conducted the Rule 35 examination.

The Defendant apparently argues that no fees should be allowed for either bringing unsuccessful motions or defending successful ones. Needless to say, the Defendant cites no authority in support of its position.

If the Court has any lingering doubt about the reasonableness of the number of hours claimed by Plaintiff, it should require defense counsel to produce records of her billable hours, in a losing effort. Such production would eliminate any lingering doubt.

**C. The Fee Should Not Be Reduced Based Upon Unsuccessful Claims.**

Contrary to the representations of the Defendant, the Court did not rule that Plaintiff's seizure was illegal. Excessive force is a seizure under the Fourth Amendment. The Court only ruled that there was probable cause to arrest as a matter of law. The *Monell* claim was never pled, and was a figment of defense counsel's imagination. The alleged claim under the Fourteenth Amendment

Plaintiff's Reply In Support of Attorney Fees - 4
Bonner v. Normandy Park, et al., No. C07-0962 RSM

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

is explained above, and likewise was never pled as a separate cause of action.

In Plaintiff's motion for fees, he cited abundant Ninth Circuit authority in support of the proposition that where there exists a common core of facts based upon related legal theories, plaintiff may recover a complete lodestar even if he did not prevail on every contention raised. *E.g., Lovell By and Through Lovell v. Poway Unified School Dist.*, 79 F.3d 1510, 1519 (9th Cir. 1996); *Thomas v. City of Tacoma,* 410 F.3d 644, 649 (9th Cir. 2005); *Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895 (9th Cir. 1995). Nevertheless, the Defendant argues (relying upon a case more than twenty years old from the Seventh Circuit) that the claims of false arrest and excessive force are not related. But beyond cavil, the claims all arose out of a common core of facts occurring during approximately 15 minutes on April 25, 2005. Not one fact was excluded based on the Court's dismissal of the false arrest claim. Both claims were clearly related legal theories. "[T]he test is whether relief sought on the unsuccessful claim 'is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised.'" *Schwarz v. Secretary of Health & Human Services*, 73 F.3d at 903. In this case, the course of conduct for which relief was granted was not "entirely distinct and separate," from the unsuccessful claim, and hence they were related legal theories. Both arose out of the exact same incident.

Contrary to the Defendant's argument, the false arrest claim was not completely groundless or without factual basis. Def. Reponse at 4 n6. Otherwise, Rule 11 sanctions would have been awarded. Plaintiff argued in good faith that he never had an opportunity to comply with a lawful order before he was seized by the Detective Lievero, and thereafter was not free to leave. That

Plaintiff's Reply In Support of Attorney Fees - 5
Bonner v. Normandy Park, et al., No. C07-0962 RSM

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

remains Plaintiff's position.

### III.  Conclusion

The Court should award the full lodestar plus expenses as originally requested in the amount of $177,131.08, plus additional fees for having to response to post trial motions and this Reply in the amount of $10,850, the fees of Diamondstone and Howell in the amount of $ 3,820.  The Court should award total fees and expenses in the amount of $ 191,801,08.

Respectfully submitted this 12th day of December, 2008.


Jeffrey Needle, WSBA #6346
Attorney for Plaintiff

Plaintiff's Reply In Support of Attorney Fees - 6
Bonner v. Normandy Park, et al., No. C07-0962 RSM

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington  98104
(206) 447-1560 fax (206) 447-1523