UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN BONNER, <br><br> Plaintiff, <br> v. <br><br> NORMANDY PARK, and DETECTIVE JOHN LIEVERO <br><br> Defendants. | CASE NO. C07-962RSM <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR FEES AND EXPENSES |

## I. INTRODUCTION

This matter comes before the Court on "Plaintiff's Motion for Fees and Expenses." (Dkt. #112). Plaintiff's counsel requests a grand total of $187,981.08, which includes $180,780 in attorney's fees pursuant to 42 U.S.C. § 1988, and $7,201.08 in related costs. Defendants respond that the Court has the discretion to reduce Plaintiff's counsel's hourly rate, and to reduce hours spent on non-meritorious claims.

For the reasons set forth below, the Court GRANTS IN PART Plaintiff's motion.

## II. DISCUSSION

### A. Background

The instant motion arises from a six-day jury trial that concluded on November 13, 2008 wherein the jury returned a verdict against Defendant Officer John Lievero. Specifically, the jury found that Officer Lievero used excessive force when he tased Plaintiff

ORDER
PAGE - 1

Kevin Bonner at the Normandy Park Police Department on April 25, 2005 in violation of Plaintiff's Fourth Amendment rights. (*See* Dkt. #104). The jury awarded $35,000 in compensatory damages and $25,000 in punitive damages to Plaintiff. The jury did not find in favor of Plaintiff on his state law assault and battery claims. Shortly after the Court entered the final judgment, Plaintiff filed the instant motion for attorney's fees and costs.

### B. Attorney's Fees

Reasonable attorney's fees are generally available to the prevailing party in a civil rights litigation. *See* 42 U.S.C. § 1988(b). "Section 1988 was enacted to attract competent counsel to represent citizens deprived of their civil rights . . . and to encourage compliance with and enforcement of the civil rights laws." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 930 (9th Cir. 2003) (internal quotations and citations omitted). "[A] prevailing plaintiff 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quoting H.R.Rep. No. 94-1558, p. 1 (1976)). Here, there is no dispute that attorney's fees should be awarded under § 1988. The only issue for the Court to resolve is the appropriate amount.

The customary method of determining reasonable attorney's fees under § 1988 is the "lodestar" method. *See Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). Under this method, district courts must multiply the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995). The number of hours include not only the amount of time that an attorney expended on a case, but also the work of support staff such as paralegals, "whose labor contributes to the work product[.]" *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989). "After making that computation, courts then assess whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of twelve factors." *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) (citations omitted). These non-exhaustive factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion

ORDER
PAGE - 2

of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

The prevailing party bears the burden of establishing the appropriateness of its fee request. *Hensley*, 461 U.S. at 433. District courts should "exclude from [the] initial fee calculation hours that were not reasonably expended," and "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* (internal quotations and citation omitted). Importantly, the time spent in preparing a fee application under 42 U.S.C. § 1988 is compensable. *See Anderson v. Director, OWCP*, 91 F.3d 1322, 1325 (9th Cir. 1996).

In the instant case, Plaintiff's counsel indicates that he is entitled to $180,780 in attorney's fees. This amount includes 470 total hours of work performed by Plaintiff's counsel in this litigation at a rate of $350 per hour, for a total of $164,500. (Dkts. #113, Ex. A, and 127, Ex. A). Plaintiff's counsel indicates that his rate is both reasonable and the prevailing rate for civil rights attorneys in the area with similar expertise. Defendants respond that a more appropriate rate is $225 to $275 per hour. Significantly, the $180,780 amount also includes 148 hours spent by Plaintiff's counsel's paralegal at a rate of $110 per hour, for a total of $16,280. (Dkt. # 113, Ex. B). Defendants do not dispute this amount.

Notwithstanding Defendants' arguments to the contrary, the Court agrees with Plaintiff's counsel and finds that his $350 per hour rate is the appropriate rate to impose in this case. Plaintiff's counsel has attached the declarations of two comparable civil rights attorneys within this jurisdiction to establish that his rate is on par with those attorneys. For example, Lem Howell, an experienced and well-known civil rights litigator in this jurisdiction, submitted a declaration indicating that he charges $485 per hour. (Dkt. #113, Decl. of Howell, ¶ 8(i)). Fred Diamondstone, another attorney who specializes in personal injury and civil rights litigation in this jurisdiction, submitted a declaration indicating the he

charges $350 per hour. (Dkt. #113, Decl. of Diamondstone, ¶ 7(b)). In addition, the Court is aware of similar § 1983 cases brought in this district involving an award of attorney's fees, and has gleaned that the hourly rate in this jurisdiction varies between $300 and $650 per hour, thereby making Plaintiff's counsel's hourly rate justifiable. *See Bradford v. City of Seattle*, 2008 WL 2856647, *10 (W.D. Wash. 2008); *Thomas v. City of Tacoma*, 2005 WL 2254005, *7 (W.D. Wash. 2005). Nevertheless, the Court finds it appropriate to reduce Plaintiff's counsel's fees for the following five reasons.

First, and from a global perspective, the Court finds that a significant reduction from the original amount requested is warranted because it is consistent with the Supreme Court's mandate that an attorney "should maintain billing records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437. Without detailed and comprehensive records, district courts are left to make a decision on the reasonableness of the requested fees based on a general accounting of the hours spent. Here, Plaintiff's counsel failed to detail his hours with specificity, particularly with respect to the time he indicates he spent working on several different motions. This lack of specificity justifies a downward departure, and underlies many of the reasons set forth in further detail below.

Second, the Court finds that Plaintiff's counsel should not be credited for the 50 hours he indicates he spent working on three different motions to compel.[1] These motions are Plaintiff's motion to compel the testimony of Officer Lievero (Dkt. #13), Defendants' motion to compel Plaintiff to submit to a Rule 35(a) examination (Dkt. #16), and Defendants' motion to compel Plaintiff to respond to certain information (Dkt. #17). With respect to Plaintiff's motion to compel, and Defendants' motion to compel Plaintiff's response to certain information, the Court noted in its Orders addressing these motions that attorney's fees were not justified. Specifically, one Order indicated that Plaintiff's counsel did not fulfill his meet-and-confer obligations under the Court's Local Rules. (Dkt. #35 at 3). The other Order found that Plaintiff's counsel contributed to the exceedingly adversarial nature between counsel, and

---

[1] This includes all entries on Plaintiff's counsel fee petition from 12/27/07 through 1/10/08, the task titled "research Rule 35" entered on 12/1/07, and the task titled "Motion to Compel Testimony" entered on 12/12/07. (Dkt. #113, Ex. A at 7-8).

ORDER
PAGE - 4

could have avoided any involvement by the Court had he cooperated with Defense counsel. (Dkt. #37 at 7). And with respect to Defendants' motion to compel Plaintiff to submit to an examination, the Court finds that these amounts were not hours that were "reasonably expended" under the afore-mentioned case law. *See Hensley*, 461 U.S. at 434. As the Court noted in its Order granting Defendants' motion, it was abundantly clear that Plaintiff was compelled to submit to a medical examination involving his mental state given that Plaintiff was asserting emotional distress damages under FRCP 35(a). (Dkt. #36 at 2-5). Plaintiff's counsel should not receive credit for the significant hours spent drafting and arguing meritless positions.

Third, the Court finds that Plaintiff's counsel should not be credited for the full 70 hours he indicates he spent on responding to Defendants' motion for summary judgment. While it is certainly reasonable for any attorney to spend substantial time responding to a dispositive motion, 70 hours is excessive given the fairly simple set of facts presented by this case and the legal principles involved. It is also excessive when considering that Plaintiff's counsel was responding to arguments already set forth by Defendants, and distinguishing case-law already cited by Defendants. Furthermore, the Court is well aware that Plaintiff's counsel is extremely familiar with the case-law that discusses the legal principles involved in this case, case-law based on well-established Fourth Amendment jurisprudence on excessive force and probable cause. Indeed, Plaintiff's counsel's declaration is contradictory because, on the one hand he strongly justifies his $350 per hour rate given his expertise in the area of civil rights, but undercuts this rate by the hours he claims to have spent on this motion. (*See* Decl. of Needle, ¶ 12). Even the supporting declaration of Mr. Diamondstone acknowledges that "the time spent on the summary judgment response may be a little on the high side[.]" (Dkt. #113, Decl. of Diamondstone, ¶ 5). As a result, and after considering the "time and labor required," the "novelty and difficulty of the questions involved," as well as the "skill requisite to perform the legal service properly," the Court finds that the 70 hour amount should be cut to 35 hours. Thirty-five hours is more than sufficient to respond to a motion such as this, especially in light of the fact that Plaintiff's counsel fails to detail how his time

was specifically spent. *See*, *e.g. Taylor v. USF-Red Star Exp., Inc.*, 212 Fed. Appx. 101, 110-111 (3d Cir. 2006) (affirming district court's decision to reduce the hours spent on a summary judgment motion from 241.7 to 41.32 where the attorney failed to detail the separate time spent on individual arguments within the brief).

Next, the Court finds that the 28 hours counsel indicates he spent on the motions in limine prior to trial is also excessive for the very same reasons set forth above. (Dkt. #113, Ex. A at 9). This case was not overly complex, and counsel's contention that he spent 21.25 hours drafting and replying to his motions in limine is unreasonable, particularly because Plaintiff's counsel submitted only seven motions in limine. Although the number of motions in limine does not provide the only basis for departing downward, it does suggest that nearly three full business days working on evidentiary motions is unnecessary. Plaintiff's counsel could have easily written and replied to his motions in limine in one business day, or eight billable hours. Thus, the Court shall only give Plaintiff's counsel 14.75 hours of credit for working on the motions in limine, which consists of the adjusted eight hours spent working on Plaintiff's motions in limine, and the 6.75 hours Plaintiff's counsel spent responding to Defendants' motions in limine.

Lastly, the Court finds no justification in Plaintiff's counsel's charge of 4.25 hours for time spent awaiting the verdict at the courthouse. (Dkt. #113, Ex. A at 10). Once both parties concluded their closing arguments, Plaintiff's counsel's work was done with the exception of responding to any potential jury questions. Nevertheless, Plaintiff's counsel billed 4.25 hours for waiting, or $1,487.50 when factoring Plaintiff's counsel's $350 per hour rate, in which no legal work was done because there was obviously no legal skill to be provided. The Court did not require Plaintiff's counsel to remain at the courthouse, only requesting that both parties and their attorneys remain within 15 minutes from the courthouse. Moreover, Plaintiff's counsel's law office is located in downtown Seattle, approximately 1.1 miles from the courthouse, and therefore within the 15 minute time-distance requested by Court. Under such circumstances, there is no justification for charging $1,487.50 for awaiting a verdict.

Therefore the Court finds that the 470 total hours spent by Plaintiff's counsel on the instant litigation should be reduced to 370.5 total hours. The following table specifies the arithmetic and describes the reductions mentioned above:

```
   470 total hours
-   50 hours (motions to compel)
-   35 hours (response to Defendants' summary judgment motion)
-   13.25 hours (motions in limine)
-   4.25 hours (awaiting jury verdict)
=  367.5 total hours
```

The remaining hours set forth by Plaintiff's counsel are reasonable and justified, with the exception of two tasks listed by Plaintiff's counsel's paralegal. While it is certainly not the intention of the Court to nickel and dime Plaintiff's counsel, it cannot reconcile the task entitled "motion in limine – file" entered on October 6, 2008 for a total of two hours, or the task entitled "electronic copy jury instructions" entered on November 2, 2008 for a total of five hours. (Dkt. #113, Ex. B at 11). With respect to the motions in limine, it is unimaginable that it would take two hours to file a motion with the Court, especially given this Court's electronic filing procedures which make it relatively easy to efficiently file pleadings with the Court. And with respect to the jury instructions entry, it is equally incomprehensible that it would take five hours to file and submit jury instructions to the Court, particularly in light of the fact that both Plaintiff's counsel and his paralegal include separate entries for time spent working the actual jury instructions themselves. Thus, the 148 hours claimed by Plaintiff's counsel's paralegal shall be reduced to 141 hours.

As a result, Plaintiff's counsel is entitled to a total of $144,135 in attorney's fees. This amount is the sum of: $128,625, the product of 367.5 hours of Plaintiff's counsel's own work multiplied by his $350 hourly rate; plus $15,510, the product of 141 hours of Plaintiff's counsel's paralegal work multiplied by her $110 hourly rate.

**C. Costs**

Plaintiff's counsel also submitted an accounting of the costs associated with the instant litigation. Plaintiff's counsel indicates that this amount totals $7,201.08. Defendants do not

ORDER
PAGE - 7

dispute this request. The Court further finds that this amount is justified, and therefore awards Plaintiff's counsel this full amount.

### III. CONCLUSION

Having reviewed the relevant pleadings, and the remainder of the record, the Court hereby finds and ORDERS:

(1) "Plaintiff's Motion for Fees and Expenses" (Dkt. #112) is GRANTED IN PART. Plaintiff's counsel is entitled to a total of $151,336.08, the sum of $144,135 in attorney's fees, and $7,201.08 in costs.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this 5th day of February, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE