UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN BONNER, | CASE NO. C07-962 RSM |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT LIEVERO'S MOTION TO VACATE |
| NORMANDY PARK, and DETECTIVE JOHN LIEVERO | |
| Defendants. | |

This matter comes before the Court on Defendant "Officer John Lievero's Rule 60(b)(5) Motion to Vacate Judgment and Dismiss the Complaint." (Dkt. #147). The instant motion follows an extensively litigated case, including several discovery-related motions, two pre-trial summary judgment motions, a six-day jury trial in which the jury found that Defendant Lievero used excessive force when he deployed a taser on Plaintiff Kevin Bonner, and two post-trial motions. Both parties appealed aspects of this Court's rulings on the motions mentioned above, but the parties eventually reached a settlement while the appeals were pending. Defendant Lievero nonetheless brings the instant motion to vacate, arguing that pursuant to FRCP 60(b)(5), there are equitable considerations that justify vacating the jury's verdict and dismissing Plaintiff's complaint.

FRCP 60(b)(5) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding [if] . . . applying it prospectively is no longer

ORDER
PAGE - 1

equitable[.]' Importantly, this rule is not a substitute for an appeal. *See Morse-Starrett Prod. Co. v. Steccone*, 205 F.2d 244, 259 (9th Cir. 1953). Nor does the rule allow relitigation of issues that have been resolved by the judgment. *See Agostini v. Felton*, 521 U.S. 203, 256 (1997) (J. Ginsburg, dissenting). Instead, the rule applies when there is a change of conditions that make continued enforcement of a judgment inequitable. *See Keith v. Volpe*, 960 F.Supp. 1448, 1457 (C.D. Cal. 1997) (citing *Rufo v. Inmates of the Suffolk Cty. Jail*, 502 U.S. 367, 384 (1992)). Equity directs district courts to consider "the consequences and attendant hardships of dismissal or refusal to dismiss, and the competing values of finality of judgment and right to relitigation of unreviewed disputes." *Am. Games, Inc. v. Trade Prod., Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998) (internal quotations and citations omitted).

In the instant case, the Court finds that none of the afore-mentioned reasons for vacatur apply. There has been no change in the factual circumstances of this case. In fact, Defendant Lievero does not submit any evidence that any changes have occurred since the judgment was entered. The parties have simply reached a settlement after they submitted their cross-appeals to the Ninth Circuit. This result is certainly not uncommon. *See U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 29 (1994) ("[M]ootness by reason of settlement does not justify vacatur of a judgment under review.").

Nevertheless, Defendant Lievero argues that this judgment will compromise his ability to apply for favorable credit, or to refinance or purchase a home. He also claims that it may potentially interfere with successfully applying for other law enforcement employment. These are insufficient reasons to justify vacatur. Defendant Lievero fails to identify any case law which suggests that the potential hardship he faces here provides grounds for relief under FRCP 60(b)(5). These alleged hardships are outweighed by the public interest in the finality of judgments.

For instance, there is considerable social value that attaches to a jury's decision. The decision is created at a cost to the public and to the litigants, and it should not be eliminated because the losing party does not like its result even if the parties reach a settlement. *See In re Memorial Hospital of Iowa Cty., Inc.*, 862 F.2d 1299, 1302 (7th Cir. 1988); *see also Mfrs.*

*Hanover Trust Co. v. Yanakas*, 11 F.3d 381, 384 (2d Cir. 1993) (noting that vacatur has the potential to "allow a party with a deep pocket to eliminate an unreviewable precedent it dislikes simply by agreeing to a sufficiently lucrative settlement to obtain its adversary's cooperation in a motion to vacate").   And while settlement of controversies is important and desirable, "[a] policy permitting litigants to use the settlement process as a means of obtaining the withdrawal of unfavorable precedents is fraught with the potential for abuse." *Oklahoma Radio Associates v. FDIC*, 3 F.3d 1436, 1444 (10th Cir. 1993).  Had the parties reached a settlement *prior* to trial all of these issues would have been avoided, but unfortunately that was not the case here.

Vacating the judgment in this case would undermine the jury's verdict after a six-day trial in which they determined that Defendant Lievero's conduct was unconstitutional.  The jury concluded that Defendant Lievero engaged in excessive force in violation of Plaintiff's constitutional rights when he tased Plaintiff inside the Normandy Park Police Department.  Thus, as Plaintiff correctly characterizes, dismissal of the judgment would allow Defendant Lievero to avoid accountability for his actions and "proclaim that, as a matter of law, no judgment was entered against him." (Dkt. #150 at 5).  Allowing Defendant Lievero to vacate the instant judgment would effectively allow "any litigant dissatisfied with a trial court's findings . . . to have them wiped from the books." *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters*, 686 F.2d 720, 721 (9th Cir. 1982).

Furthermore, the legal reasons Defendant Lievero cites to in support his motion for vacatur have already been rejected.  For example, Defendant Lievero requests vacatur because he maintains that his use of force was consistent with his training in the Washington State Criminal Justice Training Academy.  He also claims that he was merely "unlucky" to be on duty the day the incident occurred, and that he should not be penalized for making a "split-second decision to use the Taser tool as trained." (Dkt. #152 at 9).  As a result, Defendant Lievero still implies that his use of force was reasonable under the circumstances.  These arguments amount to re-argument of issues rejected by the Court on two previous occasions.  More importantly, they were rejected by the jury.  Consequently, these legal arguments certainly do

ORDER
PAGE - 3

not form the equitable basis for vacatur under FRCP 60(b)(5).  Under such circumstances, Defendant Lievero's motion shall be denied.

The Court also finds merit in Plaintiff's request for attorney's fees in defending this motion.  Pursuant to 42 U.S.C. § 1988(b), the prevailing party is entitled to attorney's fees in an action to enforce 42 U.S.C. § 1983.  The instant motion is simply an extension of the previous judgment in favor of Plaintiff, and the Court's Order granting Plaintiff attorney's fees and costs.  The Court agrees with Plaintiff that he "should not now have to pay his own attorney fees to defend his civil rights judgment." (Dkt. #150 at 8).  The Court further finds that seven hours defending the instant motion to vacate at a rate of $350 for a total of $2,450 is reasonable.

Therefore having reviewed the relevant pleadings, and the remainder of the record, the Court hereby finds and ORDERS:

(1)  Defendant "Officer John Lievero's Rule 60(b)(5) Motion to Vacate Judgment and Dismiss the Complaint" (Dkt. #147) is DENIED.

(2)  Plaintiff's request for attorney's fees is GRANTED.  Defendant is DIRECTED to pay $2,450 to Plaintiff's counsel no later than fourteen (14) days from the date of this Order.

(3)  The Clerk is directed to forward a copy of this Order to all counsel of record.


DATED this  31  day of August, 2009.



RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4